# IN THE MATTER OF THE ESTATE OF W. C. LUNALILO.

### ORIGINAL.

SUBMITTED DECEMBER 28, 1900.        DECIDED MARCH 9, 1901.

FREAR, C.J., GALBRAITH, J., AND P. NEUMANN, ESQ., OF THE BAR, IN PLACE OF PERRY, J., DISQUALIFIED.

The statute prescribing the compensation of executors, administrators and guardians is followed in fixing the compensation of trustees in regard to which there is no statute.

Trustees purchased stock for $21,000 and sold it for $50,000. A commission of 2½% is allowed on the increase of $29,000. as "moneys realized from securities. investments, and from sales of personal property."

### OPINION OF THE COURT BY FREAR, C.J.

In 1890, with the approval of the Justices of the Supreme Court, the Trustees under the will of the late King Lunalilo purchased 100 shares of C. Brewer & Co. stock of the par value of $100 each, for $21,000. The dividends averaged 16 per cent a year on the par value of the stock for eight years, and then the Trustees sold the stock for $50,000, and invested

the proceeds in real estate mortgages at 7 per cent. The Trustees do not in their accounts charge a commission upon the increase of $29,000, but submit the question to the Justices as to whether they are not entitled to them.

We have no statute that prescribes the compensation of trustees, but we believe it has been the practice here, and as a rule, elsewhere, under similar circumstances, to follow in such cases the statutes which prescribe the fees of executors, administrators and guardians. Our statute (Civil Laws, p. 577) prescribes fees or commissions of 10, 7 and 5 per cent upon moneys received in the nature of revenue or income according to the amount received, and $2\frac{1}{2}$ per cent each upon receipts and disbursements of principal, the language in regard to receipts of principal being as follows: "Upon all moneys received representing the estate at the time of the institution of the trust, such as cash in hand and moneys realized from securities, investments, and from sales of real estate and personal property other than interest, rents, dividends and other profits coming due after the inception of the trust, two and one-half per centum."

Counsel rightly concedes, as it seems to us, that the increase of $29,000 in this instance should not be considered as in the nature of income, but in our opinion, it may, as contended, be fairly construed as coming within the statute relating to receipts of moneys "realized from securities, investments, and from sales of * * * personal property."

There seems to be little authority upon this subject. See *Merrill v. Moore's Heirs*, 40 Am. Dec. (Miss.) 60; *Beard v. Beard*, 140 N. Y. 260; 11 Am. and Eng. Enc. Law, 2d Ed., 1291; Crosswell, Exec. and Adm., 415.

A commission of $2\frac{1}{2}$ per cent is allowed on the $29,000.

*W. A. Whiting* for Trustees.