IN THE MATTER OF THE ESTATE OF JOHN ENA, DECEASED.

No. 950.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. W. L. WHITNEY, JUDGE.

SUBMITTED MAY 29, 1916.                    DECIDED JUNE 10, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

TRUSTS—*costs—trustees' commissions—principal—income.*
> Under R. L. 1915, Sec. 2542, the commissions of trustees which are chargeable on principal should be paid out of the principal and those chargeable on income should be paid out of the income.

OPINION OF THE COURT BY ROBERTSON, C.J.

The circuit judge reserved for the consideration of this court the question whether "commissions chargeable under lines 51 to 58 inclusive of section 2542 of the Revised Laws of 1915 are chargeable only against the corpus of the estate or may they be charged against the income"? A question so framed might well be returned unanswered since it presents a mere abstract query. It appears from the record that the trustees of the estate of the late John Ena sold certain shares of stock for the sum of $1399.01. They received also the sum of $341.60 on certain shares of a dissolved corpora-

tion. Those shares respectively formed part of the trust estate at its inception. The trustees used this money, or, to be exact, the sum of $1736.98, for the purpose of securing a registered title to a piece of land and for making certain permanent improvements thereon. The trustees charged commissions of 2½% on the sum so received, and at a like rate upon the sum so expended. It appears that there is no cash in the principal account and unless these commissions may be paid out of the income of the estate it will be necessary to convert some of the *corpus* into money in order to pay them. The circuit judge ruled that they should be paid out of the income, and the question intended to be reserved upon motion under section 2512 of the Revised Laws was whether the ruling was right.

The finding of the circuit judge that the commissions were due to the trustees forecloses a possible question as to whether the money expended was a "final payment" within the meaning of the statute, and the further possible question as to whether by expending the money without first deducting the commission the trustees waived their right to demand it. The single question now is whether the commissions so charged by the trustees and allowed by the circuit judge are properly chargeable against the income or the principal. The statute which is followed with reference to the compensation of trustees is that which fixes the commissions of executors, administrators and guardians. (R. L. 1915, Sec. 2542.) It provides as follows:

"Upon all moneys received representing the estate at the time of the institution of the trust, such as cash in hand and moneys realized from securities, investments, and from sales of real estate and personal property other than interest, rents, dividends and other profits coming due after the inception of the trust, two and one-half per centum.

"Upon the final payment thereof or any part thereof, two and one-half per centum; provided, however, that no com-

mission shall be allowed as for final payments of such moneys except upon amounts actually expended and upon balances paid into court or to the parties thereunto entitled, upon the final settlement of the services for which such executors, administrators or guardians shall have been appointed and qualified.

"Upon all moneys received in the nature of revenue or income of the estate, such as rents, interest and general profits, ten per centum for the first thousand dollars, seven per centum for the next four thousand dollars, and five per centum for all amounts over and above the first five thousand dollars."

We think the natural meaning and evident intent of these several provisions is that the commissions chargeable on principal should be paid out of the principal and those chargeable on income should be paid out of the income. To hold otherwise it may easily be imagined, might result in great inconvenience and hardship in estates where the income and principal are payable to different persons. The statute prescribes a uniform rule for all trust estates. We hold, therefore, that the commissions in question, assuming they were correctly allowed, would properly be charged to and paid out of the principal of the estate.

*Frear, Prosser, Anderson & Marx* for the trustees.

*Henry Smith* for Thomas F. Ena.