## IN THE MATTER OF THE ESTATE OF JOHN ENA, DECEASED.

### No. 1112.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED JULY 23, 1918.  DECIDED JULY 31, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE EDINGS
IN PLACE OF KEMP, J., ABSENT.

TRUSTS—*compensation of trustees.*
Trustees are to be allowed the same fees which are allowed by statute to executors, administrators and guardians.

SAME—*same*—*extra compensation allowed for professional or special services.*

Where the trustee has rendered services to the estate which are professional in character and are outside of the duties usually required of it extra compensation should be allowed.

SAME—*same*—*same.*

Where the trustee of an estate who is a stock broker and who as such sells stocks and bonds of the trust estate in order to liquidate the outstanding indebtedness of the estate and the sale is approved by the court the trustee is entitled to reasonable compensation for the services rendered in addition to the statutory compensation prescribed for routine services.

SAME—*same*—*same.*

Each claim for special or professional services rendered by a trustee to the trust estate must stand upon its own merits. It must appear that the services were for the sole benefit of the estate and the claim for compensation must be reasonable.

OPINION OF THE COURT BY COKE, C. J.

The appellants, Father H. Valentin and the Hawaiian Trust Company, Limited, are the trustees under the will of John Ena, deceased. During the year 1917 it became necessary in order to liquidate certain outstanding indebtedness of the estate to sell certain stocks and bonds owned by it. This sale was made by the Hawaiian Trust Company, one of the trustees, which is a member of the Honolulu Stock and Bond Exchange and as such is regularly engaged in the business of a stock broker. The usual commissions prescribed by the stock exchange were charged by the Hawaiian Trust Company for the sale of the stocks and bonds sold for the Ena estate. The total amount realized from the sale amounted to about $3000 and the commission thereon charged by the trust company was $12.87. An account of the sale was contained in the sixth annual report rendered by the trustees to the court. This report was approved by the court with the exception of the item of $12.87 so charged by the trust

company as brokerage fees as aforesaid, which amount was disallowed and ordered to be surcharged against the trustees. The trustees thereupon appealed to this court.

The appeal presents the one question, that is to say, whether a trustee may properly charge the usual brokerage fees in addition to his regular commission when, acting as a broker, he sells corporation stock or bonds belonging to the trust estate, and where, as in this case, the sale is approved by the court and no claim is made that the sale was not necessary and proper nor that the amount of the brokerage fees was unreasonable.

It appears from the record in this cause that by the rules of the Honolulu Stock and Bond Exchange members are required to charge certain fixed commissions on sales and purchases of corporation stocks and bonds and that the penalty for a breach of such rules is suspension from the exchange. The court below held that the statutory commission allowed to the trustees constituted the sole compensation to which they are entitled. It is to be noted that in the statute of this Territory prescribing a schedule of fees to be allowed persons acting in a fiduciary capacity trustees are not mentioned. (See Sec. 2542 R. L.) The rule has, however, been established, first by custom and then by decisions of the courts of the Territory to the effect that trustees are to be allowed the same fees which are by statute allowed to executors, administrators and guardians. "We have no statute that prescribes the compensation of trustees, but we believe it has been the practice here, and as a rule, elsewhere, under similar circumstances, to follow in such cases the statutes which prescribe the fees of executors, administrators and guardians." *In re Estate of Lunalilo,* 13 Haw. 317, 318. But where, in a case like the present one, the trustee has rendered services to the estate which are professional in character and are outside of and in addition to the duties usually

required of it may it not properly have compensation for the special services rendered? The services performed were not in the line of its duty as a trustee and were not imposed upon it by the will nor by law. The English chancery rule was that a fiduciary office was to be considered honorary and gratuitous and a trustee was entitled to no compensation either for the performance of his usual duties or for professional services of any character rendered to the trust estate. The harshness of this rule was soon recognized in America and at an early date most of the States, either by statute or by decision of the courts, gradually modified the rule so that at the present date compensation for both routine and professional or special services is to be allowed. A half century ago the courts of Hawaii departed from the orthodox English rule and enunciated a more liberal policy in dealing with this subject. "The probate court will allow charges for legal services when such are necessary, and will allow them to the administrator himself, if he is a lawyer, in such cases as they would be allowed to an administrator employing a lawyer, but every case must be determined by its own circumstances." *In the matter of the Estate of Hiram Maikai,* 3 Haw. 522. See also *In the matter of the Guardianship of Rebecca Panee Humeku,* 15 Haw. 394. If then it is proper to allow additional compensation as attorney's fees to the administrator who as an attorney renders special services to the estate, how can it be improper to allow reasonable brokerage fees to a trustee who as broker properly sells stocks and bonds belonging to the trust estate? "In many States a commission on the amounts received and paid out is allowed; an excellent basis for such computation, and, perhaps, universally approved in this country, where a fiduciary's recompense is passed upon. But as such a rule meets the routine rather than extraordinary services our later cases appear inclined to

allow to an executor or administrator besides the usual commission a moderate charge for professional and personal services specially rendered by him where such skill was needed and bestowed and where he was capable of bestowing it." Schouler on Wills, Sec. 1545. "It cannot be doubted that for services of an extraordinary character rendered by a trustee he is entitled to extra compensation beyond the usual allowance for receiving and disbursing trust funds. If professional services necessary to the proper administration of the trust have been rendered by a trustee in person he is clearly entitled to such reasonable compensation as he would have paid had he been obliged to employ counsel." *Perkins' Appeal,* 108 Pa. 314, 318, 319. See also 39 Cyc. 494. Each individual claim for compensation for special or professional services rendered by a trustee to the trust estate must stand upon its own merits. It must appear that the services were for the sole benefit of the estate and the claim for compensation must be reasonable. There must be no ground for just suspicion that the fiduciary in rendering the services was actuated by motives of personal gain rather than of a proper regard for the interests of the estate. The present case, however, meets these requirements. The sale of the stock and bonds was approved by the court, which carried with it an approval of the services rendered by the trustee, and there is no claim that the commission charged was unreasonable and we can see no reason for disallowing it.

The order appealed from is reversed and the cause remanded to the court below with instructions to allow the compensation for the sale of the stock and bonds claimed by the trustee.

*R. B. Anderson (Frear, Prosser, Anderson & Marx* on the brief) for the trustees.