## IN THE MATTER OF THE TRUST ESTATE OF HENRY F. WICHMAN, DECEASED.

### No. 1528.

RESERVED QUESTION FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. FRANK ANDRADE, JUDGE.

ARGUED APRIL 23, 1924.                    DECIDED MAY 6, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

TRUSTS—*accounting and settlement—compensation—on sale of assets of estate.*

In a proper case a trustee who is a realtor may be allowed reasonable compensation in addition to the statutory commission of 2½% allowed upon "moneys * * * received * * * from sales of real estate" for its services rendered in its capacity of realtor in negotiating sales of real estate belonging to the trust corpus, such compensation, however, to be only in such reasonable amount as the court in the exercise of its sound discretion may deem proper under all the facts and circumstances of the case.

OPINION OF THE COURT BY PETERS, C. J.

On April 10, 1923, the Hawaiian Trust Company, Limited, a corporation organized under the provisions of chapter 184, R. L. 1915, as trustee under the will and of the estate of Henry F. Wichman, deceased, under a power of sale to it granted by the terms of the trust by the will of said decedent created, sold through its real estate department certain real estate forming a part of the trust corpus of said estate upon the proceeds of which, by its first annual accounts filed in the circuit court of the first circuit on November 1, 1923, in addition to a commission of 2½% as "moneys * * * received * * * from sales of real estate," it prayed the allowance of a 5% brokerage commission. The accounts were duly referred to a master who recommended their approval but the circuit judge being in doubt as to the legality of the allowance to a

trustee of a brokerage commission upon the sale of real estate made by it in its individual capacity as a "realtor" in addition to the 2½% allowed by law reserved the question to this court for its opinion.

Upon the cause being docketed in this court the trustee alone appeared, whereupon the court appointed A. M. Cristy, Esq., *amicus curiae* herein.

The trustee contends that the sale of real estate requires expert knowledge and hence the service in making a sale is a special or extraordinary one for which if performed by a trustee, who is himself a "realtor," extra compensation should be allowed; that the prevailing commission in this jurisdiction, and the minimum commission permitted by the Honolulu realty board, to be charged by its members, of whom the trustee is one, for the sale of real estate, is 5% and hence the trustee is and was entitled to receive a commission of 5% in excess of the 2½% charged upon the proceeds of sale.

On the other hand the *amicus curiae* contends that the statutory fees applicable to trustees are exclusive; that if not exclusive and additional compensation for special or extraordinary service is allowable thereunder, the sale of real estate is not such a service; that if the sale of real estate may be considered a special or extraordinary service, in the event that the services of a person to make such sale become necessary, the trustee, although himself a broker, should not be permitted to make such sale and charge a commission thereon but should employ an independent broker, the commission to be charged including a profit and the trustee being prohibited by law from deriving any profit from the handling of the trust estate; but if it be permissible for a trustee who is a broker to make a sale in his individual capacity and charge extra compensation therefor such compensation should be measured by the actual service performed and not by the pre-

vailing brokerage rate or any arbitrary rate fixed by a realty board of which the trustee is a member.

In England it was formerly the unqualified rule that no compensation was allowable to fiduciaries "from the view that trustees should derive no benefit from their trust, nor have power to lessen its value." *Estate of Molteno*, 3 Haw. 288, 291 and cases cited. Nor, for similar reasons, were fiduciaries, who by reason of their professional attainments exerted superior, special or extraordinary attention to their duties as trustee, allowed compensation upon the ground that (in the case of a trustee who was also a solicitor) "a trustee cannot be permitted to make a profit of his office, which he would do, if, being a party to a cause as trustee, he were permitted, being also a solicitor, to derive professional profits for acting for himself as such party." *Cradock* v. *Piper*, 1 Mac. & G. 664, 677 (41 Eng. Repr. 1422, 1426). As said in *New* v. *Jones*, 1 H. & Tw. 633, 635 (47 Eng. Repr. 1562, 1564) : "In point of prudence and propriety, and as a guard over the estate, I am of opinion that it would not be proper that a solicitor, who is a trustee, should be distinguished from an ordinary trustee. If a trustee, who is a solicitor, acts as a solicitor, he is not entitled to charge for his labor; he is entitled only to be paid his costs out of pocket." (See also *Scattergood* v. *Harrison*, Mosely 128 (25 Eng. Repr. 310), where factorage was denied a trustee; and *Sheriff* v. *Axe*, 4 Russ. 33 (38 Eng. Repr. 717), where the trustee who was also a commission agent was denied commissions on consignments.

In America, however, a different rule prevails due no doubt to the difficulty in securing persons competent to act as trustees without pay. In almost all of the States of the United States commissions are allowed fiduciaries either by express statute or upon broad principles of equity, and where statutory commissions are not exclusive

compensation has been allowed trustees for special or extraordinary services. (*Harris* v. *Martin*, 9 Ala. 895; *Marks* v. *Semple*, 20 So. (Ala.) 791, 794; *Clark* v. *Knox*, 70 Ala. 607, 617; *Willis* v. *Clymer*, 57 Atl. (N. J.) 803, 804; *Shirley* v. *Shattuck*, 28 Miss. 13, 26; *Perkins' Appeal*, 108 Pa. St. 314, 318; *Turnbull* v. *Pomeroy*, 3 N. E. (Mass.) 15, 16.)

Emoluments have always been attached to the office of fiduciary in this jurisdiction. Section 2542, R. L. 1915, which is section 1281 of the Civil Code of 1859 as amended, specifically provides for commissions to be paid to executors, administrators and guardians including commissions upon the proceeds of sale of trust corpus. The provisions applicable are as follows: "Executors, administrators and guardians shall be allowed the following commissions upon all moneys received and accounted for by them, that is to say: Upon all moneys received representing the estate at the time of the institution of the trust, such as cash in hand and moneys realized from securities, investments, and from sales of real estate and personal property other than interest, rents, dividends and other profits coming due after the inception of the trust, two and one-half per centum." And although there is no specific statutory provision for commissions to be paid trustees the courts exercising original equity jurisdiction have uniformly followed the schedule of fees applicable to executors, administrators and guardians and this practice has met with the approval of this court. (*Estate of Lunalilo*, 13 Haw. 317; *Estate of Ena*, 23 Haw. 335.) Moreover where the administrator (see re *Estate of Hiram Maikai*, 3 Haw. 522) or guardian (see *Guardianship of Humeku*, 15 Haw. 394) was also an attorney and exercised professional services on behalf of and for the benefit of the estate additional compensation has been allowed. By the same token trustees who were also

attorneys have been allowed additional compensation for professional services rendered on behalf of and for the benefit of the trust estate. (*Re Estate of Ena, supra.*) The result of these decisions is, that in this jurisdiction trustees, similarly as executors, administrators and guardians, are entitled to have and receive the statutory commissions granted the latter; that these statutory commissions are not exclusive and when a trustee who is also an attorney performs necessary professional services on behalf of and for the benefit of the estate he is allowed reasonable compensation therefor in addition to the statutory commissions. The theory upon which such additional compensation is allowed is that the service is a special or extraordinary one and is in addition to the service usually expected of the ordinarily careful and prudent trustee for which the trustee should receive extra compensation. As expressed in *Turnbull* v. *Pomeroy*, 3 N. E. (Mass.) 15, 16: "But when it is once admitted that a trustee may be paid for *ordinary services*, it is hard not to admit also that there may be circumstances under which he may be allowed an additional sum for *extraordinary services* which it was not his duty to render * * * duties which are unknown to the usual trusts for investments and distribution;" in *Shirley* v. *Shattuck*, 28 Miss. 13, 26: "He was not compelled to go beyond the usual course required of any faithful and prudent man, and bestow his *extraordinary labors*, such as were appropriate to a particular professional class, to the business committed to him only as a private individual. He must be presumed to have undertaken to perform the duties in the *ordinary* and necessary course in which a faithful private man would have been required to perform them, and no further;" in *Perkins' Appeal*, 108 Pa. St. 314, 318: "It cannot be doubted that for services of an *extraordinary* character, rendered by a trustee, he is entitled to extra compensa-

tion;" and as expressed by this court in re *Estate of Hiram Maikai,* supra, p. 525: "The court would allow professional charges for services rendered to the estate in all cases where such services are necessary; and would allow them to the administrator if he should be a lawyer, whensoever they would allow them to an administrator who is not a lawyer;" and in re *Estate of Ena,* 24 Haw. 414, 417: "If then it is proper to allow additional compensation as attorney's fees to the administrator who as an attorney renders *special* services to the estate, how can it be improper to allow reasonable brokerage fees to a trustee who as broker properly sells stocks and bonds belonging to the trust estate?" (The italics are ours.)

From the foregoing authorities it is apparent that to entitle the trustee to additional compensation for his services in selling real estate which formed a part of the trust corpus it must appear that the services rendered were extraordinary or special when compared with the ordinary services of the ordinarily careful and prudent trustee.

Evidence was adduced below tending to show that the business of selling real estate has become highly specialized and to it it has become necessary to apply minds specially trained as experts in this particular branch of finance; that some of the largest universities of the United States have established special courses of varying length in real estate; that it is usual and customary for owners of real estate to resort to those persons who have made the subject of real estate and its sale their avocation or profession for expert advice as to the condition of the real estate market, the value of the property sought to be sold and the price of which the same is capable; that the learning and ability of these experts have lately won merited recognition and the individuals engaged in the business dignified by the term "realtors," and as such they

occupy a substantial professional standing in the financial world.   In other words, the services of a realtor are professional.

The ordinary trustee is bound to exercise that care in the conversion of trust property which an ordinarily careful and prudent man would exercise in the disposition of his own property.   But the ordinary trustee does not possess nor is he expected to possess expert knowledge upon real estate.   It is a matter of common knowledge that the ordinary trustee is not a realtor nor are the knowledge and experience of a realtor expected of him in the exercise of his duties as trustee.   And so if the ordinarily careful and prudent man in the disposition of his real property should deem it necessary in the exercise of sound discretion to consult and secure the advice and service of one who by study, experience and observation is learned in the handling and selling of real estate then the trustee would under similar circumstances be justified in securing such advice and service, and for the reasonable cost thereof he would be entitled to reimbursement by the court of his appointment.   This being so the situation resolves itself into one comparable with that of the trustee employing an attorney, and the rule of law applicable to such employment applies equally to a trustee who employs a realtor.   Also it inevitably follows that if the trustee is himself a realtor and the services of a realtor become necessary and the trustee in his individual capacity performs such service he is entitled to additional compensation as and for a special or extraordinary service.

Nor is it necessary that a trustee who is himself a realtor employ an independent realtor to negotiate a sale of real estate forming a part of the trust corpus.   Where, as here, it appears that the sale was for the best interest of the estate, the fact that the trustee may receive addi-

tional compensation by reason of his employment in his individual capacity as a realtor is no more reason for making it obligatory upon him to employ an independent realtor than in the case of a trustee who is also an attorney and finds it necessary by reason of the exigencies of the trust to secure legal service. The courts do not require a trustee who is an attorney to employ an independent attorney and no more so should a trustee who is a realtor be required to employ an independent realtor. Much may be said against a condition which permits a fiduciary to act in a dual capacity where personal and representative interests may conflict. The chancellor, in *New v. Jones, supra,* emphasizes the vice of such a situation thus: "There might be cases (I do not speak with reference to the present case) where a trustee, placed in the situation of a solicitor, might, if he were allowed to perform the duties of a solicitor, and to be paid for them, be so placed that he might find it very often proper to institute and carry on legal proceedings which he would not do were he to derive no emolument from them, and were to employ another person." Similarly (the instant case admits of no such imputation, the trial court to the contrary having found that the "sale was beneficial to the trust estate and the purchase price obtained was fair") where a trustee, placed in the situation of a realtor, might, knowing that he would act as realtor and be paid for such services, find it very often proper to convert assets of the estate into cash which he would not do were he to derive no emoluments from them and were he obliged to employ another person. Hence courts having the control and supervision of trusts should carefully scrutinize all sales of trust corpus by trustees under express or implied powers of sale made in their individual capacity of realtors and see to it that such power was invoked in good faith, honestly and faithfully exer-

cised and the commissions prayed therefor reasonably proportionate to the services rendered.

The allowance to a trustee of additional compensation for his services as a realtor does not mean, however, that by reason of the fact that the ordinary and usual charge by realtors for the sale of real estate is 5% or that the particular trustee belongs to an association which makes it obligatory upon him to charge in all cases of sales of real estate a minimum fee of 5% that such prevailing rate of commission or the arbitrary *ipse dixit* of the realty board is the measure of the trustee's additional compensation. The trustee is not as of right entitled to any particular compensation. It is conceivable that in the sale of real estate no effort whatever may be involved and a trustee under those circumstances, acting in his individual capacity as realtor, certainly would not be entitled to extra or additional compensation. The amount of the commission depends upon the facts in each individual case and its allowance is within the sound judicial discretion of the court having supervision of the trust. Where claim is made for additional compensation for the sale of real estate it is incumbent upon the trustee making such claim to show the character, extent and value of the service upon which he bases his claim and the allowance should be governed by what is reasonable and proper under all the circumstances of the case.

In the case at bar it appears that the trustee conducts a large trust business in the city of Honolulu; that in addition to its trust business it acts as agent or broker for the sale of real estate; that as a part of its business it maintains a special real estate department to which are attached expert real estate men and that for the services rendered by this department it is usual and customary to charge 5% upon the gross proceeds of the sale of real estate; that for many years past it has charged

estates of which it was trustee a flat rate of 5% upon all sales of real estate made by it individually for said estates and that its charges have always been approved by the circuit courts. No similar case has come to this court, except that of the *Estate of Ena,* in which brokerage fees upon the sale of corporate stock were allowed. (24 Haw. 414.) But we do not understand that that case is authority for the claim that brokerage fees *per se* are allowable to a trustee in the case of sales of stock belonging to the trust corpus. The court there uses the following significant language (p. 416): "The appeal presents the one question, that is to say, whether a trustee may properly charge the usual brokerage fees in addition to his regular commission, when, acting as a broker, he sells corporation stock or bonds belonging to the trust estate, and where, as in this case, the sale is approved by the court and no claim is made that the sale was not necessary and proper nor that the amount of the brokerage fees was *unreasonable.* * * * how can it be improper to allow *reasonable* brokerage fees to a trustee who as broker properly sells stocks * * *?" And so here. Although a trustee who is also a realtor may be entitled to additional compensation for his services to the estate in the capacity of the latter he is entitled to and should receive only such compensation as his services are reasonably worth limited by all the surrounding facts and circumstances of the case. It may develop that the services in this particular case are worth the usual fee charged for the sale of real estate. On the other hand the evidence may disclose that the trustee is entitled to less than the usual fee or that it is not entitled to any extra compensation. Each case depends upon its individual facts but the value of services rendered is a matter of proof. It is service, and not the prevailing rate or the arbitrary commission fixed by an association

of which the realtor may be a member, that controls. Evidence of the prevailing rate of commission or the minimum commission fixed by a realty board upon sales of real estate may upon a proper foundation being laid be competent as evidence of reasonable value of the services rendered. But neither such prevailing rate nor fixed minimum is conclusive upon the court. The trustee cannot by membership in an association or by contract with third parties withdraw from the court its jurisdiction to determine the reasonable value of special or extraordinary services rendered by it.

The record is silent as to the actual services performed by the trustee in negotiating the sale of the real estate for which it prays additional compensation. Under the circumstances this court cannot say that the trustee is entitled to any additional compensation in the premises.

The question propounded is therefore answered qualifiedly to the effect that in a proper case a trustee who is a realtor may be allowed reasonable compensation in addition to the statutory commission of 2½% allowed upon "moneys * * * received * * * from sales of real estate" for its services rendered in its capacity of realtor in negotiating sales of real estate belonging to the trust corpus, such compensation, however, to be only in such reasonable amount as the court in the exercise of its sound discretion may deem proper under all the facts and circumstances of the case.

The cause is remanded for further proceedings consistent with this opinion.

*R. B. Anderson* and *A. G. M. Robertson* (*Frear, Prosser, Anderson & Marx* and *Robertson & Castle* on the brief) for the trustee.

*A. M. Cristy* (also on the brief) amicus curiae.