# IN THE MATTER OF THE ESTATE OF MARY E. FOSTER, DECEASED.

## No. 2323.

ARGUED NOVEMBER 23, 1937.    DECIDED DECEMBER 31, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

This is an appeal by the trustees under the will and of the estate of the decedent from a decree denying the allowance, as an administrative expense, of the aggregate amount of monthly salaries paid a bookkeeper employed by them during the annual accounting period.

The items for which the trustees claim reimbursement uniformly appear in the accounts rendered and filed and of which they prayed approval as a monthly salary paid to a "bookkeeper." Hence we consider immaterial to the issues what other or additional services besides bookkeeping were performed by the person occupying the position of bookkeeper during the accounting period nor do we consider material to the issues the evidence of the senior trustee upon the extent to which he personally was engrossed with or applied himself to the duties of the trustees in the execution of the trust. The issues involve expenses incurred for services performed by one other than a trustee and not additional compensation for special services performed by a trustee. We shall confine ourselves therefore solely to the question of whether the monthly salary paid a third person employed as a "bookkeeper" by the trustees continuously during the accounting period is an administrative expense for which the trustees are entitled to reimbursement out of the trust estate.

The solution of this question necessarily depends upon the character of the system reasonably necessary to keep the accounts involved in the instant trust estate and to render annual accounts to the court of the trustees' appointment for under the law accordingly as they were beyond or within the skill and experience that might be reasonably expected of the ordinary trustee, the trustees are or are not entitled to reimbursement.

The only evidence of the system employed by the trustees in keeping the books of this estate is that of a certified accountant, a member of a firm employed by the trustees

in tax matters during the accounting period, and from this and from previous similar employment familiar with the books of the estate. The books themselves were not introduced in evidence and were not before the court. This expert testified that while an ordinary system of books involving the use of a cash book, journal and general ledger kept on a cash basis, or at least mainly so, might not be considered as a complicated bookkeeping system the accounts kept by these trustees were "somewhat of a complicated bookkeeping setup" due to the "necessity of filing annual accounts," to the recurring "examination by masters" appointed by the court; to the "changing number of beneficiaries"; to "tax complications that had arisen" and "material that might be called for" in relation to taxes, both Federal and territorial; to the "necessity of filing numerous other forms of statements other than the usual accounts" and to "the ownership by the trust estate of hui lands" involving considerable rentals. This witness gave it as his opinion that all this required a "complicated bookkeeping system" such as in the opinion of the witness "would take a person of more than ordinary bookkeeping experience and training" which "a businessman of ordinary experience would not possess." The accounts as rendered and filed speak for themselves. There was no question raised as to the reasonableness of the salary paid to the bookkeeper.

The trustees contend that the services of a bookkeeper are "special services" allowance for the payment of which should be made under the provisions of section 3793, R. L. 1935, providing "Such further allowances may be made as the court shall deem just and reasonable for special services." The schedule of fees contained in section 3793 refers exclusively to the compensation of fiduciaries for the services rendered by them as such and the quoted excerpt refers to additional allowance as compensation for "special services" by them. The section has nothing to do with expenses

incurred in the execution of a trust for which a trustee may be reimbursed out of the trust estate. The necessity and amount of such expenses are subject entirely to the supervisory control of the court having jurisdiction over trusts.

Where a trust relation exists the law imposes upon the trustee the duty of keeping accurate books of account for the protection and information of the *cestui que* trust. (*Hart* v. *Kapu,* 5 Haw. 196, 199.) In this jurisdiction trustees acting under appointment of any court or under any appointment requiring the approval of any court are required, with certain exceptions with which we are not concerned, to annually file an account. (R. L. 1935, § 4713, as amended L. 1935, Act 154 [sr. C-114.]) The trustees in the instant case were appointed by a judge of the circuit court of the first circuit at chambers. Hence it is that these trustees are under the absolute duty to keep accurate books of account for the protection and information of the beneficiaries under the trust and to account annually to the court of their appointment.

Where, as in this case, compensation of the trustees is not otherwise provided, the statute allowing compensation to trustees controls. Included in the services, compensation for the performance of which is allowable to trustees under the provisions of section 3793, are those of keeping accounts and accounting. (*Dufford* v. *Smith,* 46 N. J. Eq. 216, 222, 18 Atl. 1052.) To reimburse these trustees for expenses incurred by them in the performance of duties which they should have performed themselves would simply amount to paying twice for the same service. Trustees may not claim compensation for the performance by others of duties devolving upon themselves. (*Estate of McBryde,* 8 Haw. 472, 477.) No less so the trustees having received compensation for the performance of duties may not be allowed reimbursement for expenses incurred for the performance of such duties by others.

This court has already enunciated the rule of reimbursement applicable to the employment by trustees of necessary agents and employees in the execution of their trusts. See *Estate of Ena,* 24 Haw. 414, in respect to the employment of brokers; *Estate of Wichman,* 27 Haw. 780, of realtors and *Smith* v. *Lymer,* 29 Haw. 169, of brokers selling lands. The language of the several decisions is so clear and unequivocal that repetition is unnecessary. This court has also enunciated the rule relative to the reimbursement of fiduciaries in the amount of expenses incurred for bookkeepers. In *Estate of A. Enos,* 18 Haw. 542, there was before the court for allowance clerical assistance to the administrators in making up their accounts and expenses of the executors for services in assisting them in making out inventory, opening a new set of books and adjusting transfers in the bank. In respect to the former this court said (p. 549) : "Recognizing that under certain circumstances clerical assistance for an administrator may be necessary and should be paid for by the estate, still the ordinary clerical work must be performed, or paid for, by the administrator himself. One who becomes an administrator must perform the ordinary work of such or else decline to be appointed." Speaking of the latter claim this court further said (p. 550) : "As already pointed out, an executor may be allowed to credit himself with the amount paid out for necessary clerical assistance, but * * * an expenditure not shown to have been reasonably necessary will be surcharged. This expenditure, therefore, should not be allowed, as it appears to have been for ordinary clerical work which, as already stated, should be performed or paid for by the administrator personally." The rule enunciated in the *Enos* case considered in the light of the later *Ena, Wichman* and *Smith* cases resolves the scope of inquiry in the instant case to whether the services for which reimbursement is prayed amount to anything more than "ordinary clerical work which * * * should be per-

formed or paid for by the * * * [trustees] personally."
The books of account kept by the trustees are not before
us. And we refuse to be bound by any opinion of an
expert as to whether they show a "complicated setup"
or otherwise. The legal duty requiring trustees to keep
books of account does not prescribe any special form
"if they are in such form and so preserved as to fairly
show the true state of the accounts between the parties, and
can, under the rules governing the making of such entries,
be fairly held to be original entries, that is all that is re-
quired." *Wylie* v. *Bushnell*, 277 Ill. 484, 492, 115 N. E. 618,
622. The terms of the trust of which the appellants are
trustees do not require anything more than the entry of cash
receipts and disbursements segregated accordingly as they
may be on account of principal or income. The annual
accounts that were filed in court are upon a cash basis and
are extremely simple. The requirements of the statute in
respect to annual accounts are extremely simple. Section
4713 requires merely that the trustees file an account "show-
ing in detail all his receipts and disbursements, together
with a full and detailed inventory of all property in his pos-
session or under his control." As far as the record discloses
neither the books of account nor the accounts filed in court
required any skill or experience not possessed by the ordi-
nary trustee nor does the record disclose that the expenses
for which allowance is asked involve any service which the
ordinary trustee is not expected to perform. That the books
of account or the accounts as filed are lengthy is immaterial.
The graduated compensation allowable to trustees under
the statute takes care of the increased labor. The fees allow-
able to fiduciaries are sufficient to cover any clerical assist-
ance that the trustees may engage to relieve themselves of
the personal duty of keeping books of account and of ac-
counting to the court.

Reimbursement of the appellants was properly denied.

The decree appealed from, so far as it relates to a monthly salary paid to a "bookkeeper," is accordingly affirmed with leave, however, to the trustees, if they so desire, to amend the accounts filed to include compensation paid by them to the person occupying the position of bookkeeper during the accounting period for services rendered by her other and in addition to that of bookkeeping, to the reimbursement of which said trustees may be legally entitled.

*J. G. Anthony (Robertson, Castle & Anthony* on the brief) for trustees.