EDMUND DINIS *vs.* GLORIA SEQUEIRA HANRAHAN, administratrix. June 19, 1981. The petitioner served as attorney for the administratrix, Gloria Sequeira, in the settlement of the estate of Ayres A. Sequeira from October 25, 1965, to February 12, 1971. He appeals from the judgment of the Probate Court allowing, on June 7, 1974, a substituted first account as a "stated account" of the second guardian ad litem, George L. Wainwright. Following his appointment as guardian ad litem for the intestate's three minor children, Wainwright filed his first, second and amended second reports, each of which was placed in evidence at the two hearings held on June 13, 1973, and September 25, 1973, on the matter of the allowance of the substituted first account. Annexed to his second report was the "account of Edmund Dinis as counsel for Administratrix of the Estate of Ayres A. Sequeira." Four items in the account in the amounts of $1,080, $400, $4,312.50, and $1,000 reflect the payment of real estate broker's commissions to Dinis. Although identical in every other respect to the account of Dinis, the substituted first account approved by the court does not include the four items. The propriety of their exclusion forms the basis of this appeal.

In his second report, the guardian ad litem recommended that the court disallow the payment of the four broker's commissions claimed by Dinis as payment for his successful efforts to find buyers of certain real and personal property owned by the intestate for the reason that, as attorney to the administratrix, Dinis was not allowed to collect both legal fees and broker's commissions. Neither party questions the amount paid to Dinis for his services as the attorney to the administratrix, and the judge in his report of material facts found that Edmund Dinis "in the normal course of winding up the estate of the intestate as an attorney, was amply paid in all matters that he performed without his surcharging the estate for his services as a Real Estate Broker." The judge, however, following the guardian ad litem's recommendation, disallowed the payment of the commissions "for the reason that Attorney Dinis sought to be reimbursed a Real Estate Broker's fee in the sale of certain real property owned by the

intestate while he was serving in the capacity as attorney for the administratrix at the same time for which he billed the estate for counsel fees."

Dinis, who holds a real estate broker's license, claimed commissions ranging from three to ten percent of the selling price of the real and personal property owned by the intestate. These percentages were based on the generally prevailing commissions of real estate brokers. The judge's ruling disallowing the commissions was correct to the extent that the commissions were objectionable in the form presented. However, it is clear from the judge's conclusions that he disallowed the commissions not because of their improper form, but because he concluded that Dinis, as attorney to the administratrix, could not, at the same time as charging for legal services, charge for services rendered as a real estate broker. There is no question that the services Dinis rendered in selling the real and personal property of the intestate were rightly and properly performed and the appellee does not argue that the sale of the property was not necessary to preserve the assets of the estate. In such circumstances, it has been held that a fiduciary of an estate is entitled to reasonable compensation for such services. *Corcoran* v. *Thomas*, 6 Mass. App. Ct. 190 (1978). See *Lemko* v. *Casaly*, 5 Mass. App. Ct. 240, 244 (1977). This being so, we think that an attorney for a fiduciary who, properly qualified, rightly and properly renders professional or other services not usually rendered by attorneys is entitled to reasonable compensation for his or her services. If a fiduciary to an estate may be compensated for such extraordinary services, we see no reason to bar compensation to an attorney for a fiduciary who acts within the scope of his authority. See *Turnbull* v. *Pomeroy*, 140 Mass. 117 (1885); *Parker* v. *Hill*, 185 Mass. 14 (1904); and *Corcoran* v. *Thomas*, *supra*. See also Restatement (Second) of Trusts § 242, Comment d (1959); 3 Scott, Trusts § 242.2 (3d ed. 1967); and 3 Newhall, Settlement of Estates § 420, at 44 (4th ed. 1958).

We disagree, however, with Dinis' claim that he was entitled to the prevailing commissions of real estate brokers for the sales of the various properties ranging from three to ten percent of the selling prices. "Generally prevailing commissions of real estate agents should be regarded as affording little, if any, guidance in determining what is reasonable compensation for a fiduciary who sells real estate without employing the services of a real estate broker." *Corcoran* v. *Thomas*, *supra* at 193. We think that the rule applies as well to attorneys acting on behalf of fiduciaries. The reason for the rule is that the prevailing commission may have little relation to the services actually rendered. The charge must be commensurate with the services actually performed. *Blake* v. *Pegram*, 101 Mass. 592, 600 (1869). "The amount of the commission depends upon the facts in each individual case and its allowance is within the sound judicial discretion of the court." *Corcoran* v. *Thomas*, *supra* at 193, quoting from *Estate of Wichman*, 27 Haw. 780, 788 (1924).

In view of our holding that Dinis is entitled to reasonable compensation for his services in selling the property, "we think he should have an opportunity to establish what those services were in order that he may receive reasonable compensation for them." *Corcoran* v. *Thomas, supra* at 193-194. Accordingly, the judgment of the Probate Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

*Jerry E. Benezra* for the plaintiff.

*James F. Sullivan* (*James M. Walsh* with him) for the defendant.