C. BOLTE, E. K. BULL, J. J. SULLIVAN and PAUL R. ISENBERG, on behalf of themselves and all other stockholders in the Club Stables, Limited, a corporation, v. C. H. BELLINA, W. E. BELLINA, H. H. PERRY and CLUB STABLES, Limited.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 17, 1903.     DECIDED AUGUST 6, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Directors stand towards the corporation in the relation of trustees to a cestui que trust and when they vote to themselves salaries or other compensation for services such salaries or other compensation cannot be allowed to stand unless shown to be fair and reasonable.

OPINION OF THE COURT BY PERRY, J.

This is a bill in equity praying for an injunction restraining the respondent C. H. Bellina, the manager and a director of the respondent corporation, from paying to himself and to the respondents W. E. Bellina and H. H. Perry, as assistant managers, they being also directors, certain salaries alleged to be exorbitant and excessive and for an order requiring those three respondents to repay to the corporation all moneys received by them as salary from September 10, 1901, over and above the amount of a reasonable compensation for the services rendered by them. The court below, upon motion of respondents, dismissed the bill at the close of the complainants' case "for insufficiency of proof and lack of equity." It is from that ruling that the present appeal was taken. Complainants Isenberg and Sullivan have, however, subsequently withdrawn their appeals.

Undisputed evidence shows that the respondent C. H. Bellina was appointed manager of the corporation by the directors at a meeting held on September 9, 1901; that in the end of that month he fixed the salaries of W. E. Bellina and H. H. Perry as foremen or assistant managers at $200 each per month and that in addition to such salaries the foremen had the use, free of charge, of a cottage belonging to the corporation theretofore rented at the rate of $20 per month; that at a meeting of the directors held November 14, 1901, the directors present being Bolte, Perry and the two Bellinas, the salary of the manager was fixed at $300 per month to date from September 10, 1901, Bolte voting against the motion on the ground that such salary would be excessive; that no formal complaint was made against the salaries until August 5, 1902; that on the last named date, at a meeting of the directors at which were present Bolte, Isenberg, Perry and the two Bellinas, Bolte moved, seconded by Isenberg, that the three salaries in question be reduced $100 per month each, but the motion was lost, the three other directors voting against it; that no further action was taken or complaint

made by Bolte or Bull until December 1, 1902, on which day they addressed a letter to the Board of Directors, protesting against the salaries as being unreasonably high, claiming that each of the three men had been overpaid $100 per month, asking the Board to demand repayment of the excess amounting in all to $3933.30 and, in case of non-compliance with such demand, to institute in the name of the corporation appropriate proceedings to compel such repayment, and giving notice that they themselves, the writers, would bring suit if the Board failed to do so; that at a meeting held on December 11, 1902, the two Bellinas and J. J. Carreiro being the only directors present, the Board, acting upon that letter, refused to comply with the requests made or to reduce any of the salaries and passed a resolution declaring the compensation to be reasonable and ratifying and confirming its own action and that of the manager in the matter and allowing and confirming all payments theretofore made on account of such salaries; that H. H. Perry left the employ of the corporation in August, 1902; that during all of the time mentioned C. H. Bellina held 181 shares of the capital stock of the corporation, and W. E. Bellina 15 shares and H. H. Perry, until the transfer by him in August, 1902, of a portion of his interest 105 shares; that the capital stock of the corporation is divided into 500 shares; and that W. E. Bellina is the brother of C. H. Bellina. The present suit was commenced December 27, 1902. While the experts who testified on the subject are not all agreed as to what would be reasonable compensation for a manager and assistant managers under circumstances such as those surrounding the Club Stables Company, Limited, we find, upon all the evidence thus far adduced, that the salaries allowed to the three respondents are exorbitant and excessive.

Directors stand towards the corporation which they represent and act for in the relation of trustees to a *cestui que trust.* Some of the authorities go to the extent of holding that they may not, lawfully, vote to themselves compensation for services and that any such attempted vote would be illegal, but it is unnecessary

to go to that extent in the case at bar. We will assume for the purposes of this appeal that if directors do vote to themselves. salaries or other compensation, such salaries may be allowed to stand if their entire reasonableness and fairness is shown by the parties benefitted thereby but not otherwise, and a rule more favorable than this the respondents cannot expect. Directors can no more use the property of their principal for their own private gain than any other agent or trustee. They must act in good faith and for the interests of the stockholders whom they represent. See, generally, 1 Morawetz, Priv. Corporations, §508; *Schoening v. Schwenk,* 112 Ia. 737; *McNulta v. Bank,* 164 Ill. 448; *Gardner v. Butler,* 30 N. J. Eq., 702, 712, 722, 725; *Wayne Pike Co. v. Hammons,* 129 Ind. 376, 377; *Harris v. Agricultural Works,* 43 S. W. 869, 871; *Hedges v. Paquett,* 3 Or. 81; *Butts v. Wood,* 37 N. Y. 317, 318, 319; *Mallory v. Mallory Wheeler Co.,* 61 Conn. 131. Not only have the respondents failed to show the entire fairness and reasonableness of the salaries, but the showing thus far is that the salaries are unfair to the corporation.

The fact that the manager's salary was first fixed, in November, 1901, without the aid of his vote, and that the salaries of the foremen were first fixed by the manager acting as such and not by the directors, does not take this case out of the rule, at least so far as the salaries paid subsequent to August 5, 1902, are concerned. See *Mallory v. Mallory Wheeler Co., supra.* At the meeting held on that day, all three salaries would have been reduced but for the votes of the three respondents and they were continued at the excessive figures by virtue only of those votes. Again in December, 1902, it was the respondents C. H. Bellina and W. E. Bellina aided by one other director, who voted to continue the salaries at the old rate and to refuse to institute proceedings on behalf of the corporation.

As to the defense of laches we need only say, at this time, that upon the evidence thus far adduced that defense is not sustained as against either of the complainants in so far as the

excess of salaries received since August 5, 1902, is concerned. The bill prays for an injunction to restrain the payment of salaries *in future* as well as for the recovery of moneys already paid unlawfully. Whether or not any laches have been shown as to the moneys paid out prior to August 5, 1902, we need not now decide. It may be that further evidence will yet be adduced tending to throw light on that matter and if it is the court will then be in a better position to pass on the whole subject. Moreover it does not yet appear from the evidence that the complainant Bull had any knowledge of the transactions complained of prior to December 1, 1902, such as would bar his right to relief by reason of delay on his part to complain or to sue.

In our opinion, the motion to dismiss should have been denied and the respondents should have been required to present their defense. The decree appealed from is reversed and the case remanded to the Circuit Judge for such further proceedings as may be proper.

*Robertson & Wilder* for the complainants.

*T. McCants Stewart* for the respondents.

