# INGWALD RISVOLD, ON BEHALF OF CLEARY HILL MINES COMPANY, v. D. R. GUSTAFSON AND OTHERS.[1]

February 7, 1941.

No. 32,563.

[1]Reported in 296 N. W. 411.

See 207 Minn. 359, 292 N. W. 103.

*Earl J. Maxwell* and *Jean J. McVeety,* for appellants.

*Stinchfield, Mackall, Crounse & Moore,* for respondent Cleary Hill Mines Company.

*G. F. Mantz,* for respondent Ingwald Risvold.

STONE, JUSTICE.

Action by Risvold, as stockholder of and for benefit of Cleary Hill Mines Company, resulting in decision below holding defendants D. R. Gustafson, E. L. Brandell, J. A. Gustafson, and G. H. Gustafson liable for secret profits made by them while the three first named were officers and directors of the Cleary Hill, in purchasing for it an undivided share in a valuable option on Alaska gold mining property. Defendants Dahl and Thurston were exonerated from liability. The case has been here before (Risvold v. Gustafson, 207 Minn. 359, 292 N. W. 103) on appeal of plaintiff from the order denying his motion for a new trial. He complained of the failure to hold Dahl liable. That position we held unsound and so affirmed. The case returns upon appeal of defendants D. R. Gustafson, E. L. Brandell, J. A. Gustafson, and G. H. Gustafson from the judgment. There is no need for extended restatement of facts.

In the manner stated in our former opinion, while acting as directors and officers of the Cleary Hill company, defendants D. R. Gustafson, E. L. Brandell, and J. A. Gustafson made a secret profit in purchasing the property for the corporation. Defendant G. H. Gustafson was not a director. He is held because, without value and with knowledge of the facts, he shared in the "rake-off" improperly taken by his co-appellants. The case on the merits, then, turns upon the vulnerable position of D. R. Gustafson, E. L. Brandell, and J. A. Gustafson. The findings, on sufficient evidence, establish that the profit made by them was procured through "a secret agreement" made and executed "fraudulently and unlawfully, and in disregard of their fiduciary capacity as such directors and officers" of the Cleary Hill company.

The Cleary Hill company paid $75,000, supposedly for a two-thirds (16/24ths) interest in the Dahl option. But, without disclosure of their own stake in the transaction, appellants D. R. Gustafson, E. L. Brandell, and J. A. Gustafson, pursuant to prearrangement with Dahl, took for themselves 4/24ths. That profit was but a secret commission, in kind, promised and secured for them as compensation for their agency in selling to their own corporation. They subsequently transferred 1/24th to G. H. Gustafson. Another 2/24ths were assigned by Dahl to defendants Drew and Wyer. Later, they transferred to the Cleary Hill company the fraction so obtained by them. In short, the Cleary Hill company must be considered as having received only 16/24ths, whereas it paid for 22/24ths, of the Dahl interest. To the 2/24ths retained by Dahl and Thurston, the Cleary Hill company has no claim.

Until long after consummation of the transaction as between Dahl and the Cleary Hill company, these appellants were careful to see to it that their private interest in the matter, and their assurance of gain therefrom, were not disclosed to the Cleary Hill company or to any director or officer other than themselves.

Before the purchase by Cleary Hill company and its payment of the price, the appellants had nothing to sell. Not until afterward did they acquire their interests. Their share, afterward assigned to them by Dahl, was purchased with money of the corporation. Therefore the whole purchase should redound to its benefit.

■ The law is that "where a person in a fiduciary relation to another acquires property, and the acquisition or retention of the property is in violation of his duty as fiduciary, he holds it upon a constructive trust for the other." Restatement, Restitution, § 190. Within that field, directors and officers of a corporation are fiduciaries. *Id.* comment *a;* Savage v. Madelia Farmers' Warehouse Co. 98 Minn. 343, 108 N. W. 296; Minnesota L. & T. Co. v. Peteler Car Co. 132 Minn. 277, 156 N. W. 255.

Unfaithful fiduciaries, "caught with the goods," as were these appellants, are held liable by application of the doctrine of con-

structive trusts. "Where a fiduciary in violation of his duty to the beneficiary receives or retains a bonus or commission or other profit, he holds what he receives upon a constructive trust for the beneficiary." Restatement, Restitution, § 197. That rule is so strictly applied as to make the fiduciary liable even though he acts properly in making the purchase "but subsequently receives a bonus from the seller." *Id.* comment *c.*

The law does not declare that a man cannot serve two masters. But it does ordain that if he makes the attempt and the interests of the two masters come into conflict he must proceed with the utmost of candor and entire good faith toward both. If, without full and frank disclosure, he makes a profit, liability follows. It is inescapable where, as here, the profit is at expense of the principal from whom has been successfully concealed the selfish motive and interest of the fiduciary and the whole mechanism of secret negotiation and promise by which the result has been achieved.

■ This is not a case where directors have clandestinely sold their own property to the corporation. If it had been, they would not have been liable as for secret profits. They would have been held, however, as for "fraud or excessive price." In such case the measure of damages would have been "the difference between the price paid by the corporation and the fair value of the property" under the rule applied in Bliss Petroleum Co. v. McNally, 254 Mich. 569, 572, 237 N. W. 53.

True, as argued for appellants, Cleary Hill company was under the necessity either of affirming or rescinding "this entire transaction." But it has affirmed and so is entitled to everything purchased with its money. As things stand, these appellants as constructive trustees hold a portion of the property paid for by the company. The propriety of compelling them to disgorge, as required by the judgment under review, is too plain for reasonable debate, the facts having been settled against them on sufficient evidence. 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 2103; 3 Fletcher, Cyc. Corp. (Perm. ed.) §§ 884, 899.

The action is one to prevent unjust enrichment of appellants and wrongful loss to the Cleary Hill company. For such a situation, the ingenuity of the law and its will to enforce right conduct have evolved the conceptually related remedies of the constructive trust and quasi-contractual obligation. Restatement, Restitution, Introductory note, p. 4, and § 160, comment *c*.

■ The Cleary Hill company, a foreign corporation, was not licensed to do business in this state. On that ground and at the trial, appellants moved to dismiss, arguing that inasmuch as the corporation could not have maintained the action, plaintiff was not entitled to sue on its behalf. That point was not made by answer or otherwise before the motion to dismiss. It was then too late. The issue is one of the corporation's right to sue. In order to be of avail to defendants, it should have been pleaded. Lehigh Valley Coal Co. v. Gilmore, 93 Minn. 432, 101 N. W. 796, 106 A. S. R. 443, 2 Ann. Cas. 1004.

As to whether, had the issue been presented by proper pleading, there would have been merit in appellants' position, Pratt-Hewit Oil Corp. v. Hewit, 122 Tex. 38, 52 S. W. (2d) 64, is worthy of consideration.

Judgment affirmed.

MR. JUSTICE LORING took no part in the consideration or decision of this case.