John E. SAVAGE, Appellant,

v.

The LORRAINE CORPORATION,
Appellee.

No. 13471.

United States Court of Appeals
Ninth Circuit.

Oct. 5, 1954.

---

August J. O'Connor, Earl C. DeMoss, Los Angeles, Cal., for appellant.

Oliver O. Clark, La Canada, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CLARK, District Judge.

JAMES ALGER FEE, Circuit Judge.

This amounts to a claim on quantum meruit for three different items. First, Savage claims salary of $500 and expenses of $150 per month from June 25, 1942 to May 25, 1943, as president of The Lorraine Corporation, appellee here. Then he claims $1000 as salary for the month of January, 1944, in the same capacity. Finally, he says he is entitled to repayment of $321.60, which he paid to one Harris, an accountant.

The District Court held on the facts that these claims were unfounded and disallowed each. The question is whether there was substantial evidence to support these findings. The record proves there was.

On June 1, 1942, Savage undertook to acquire for David G. and Sara R. Lorraine 600,472.65 shares of the issued capital stock of The Lorraine Corporation. Savage was, as a consideration, to get 50,000 shares of this stock, and return of the moneys advanced, together with interest thereon. On June 24, he concluded the purchase and the next day, by the votes of David G. and Sara R. Lorraine, the directors, he was elected president of the corporation. On account of the poor financial condition of the corporation, David G. Lorraine, who had been receiving $1050 per month as manager, proposed, voted for and accepted a reduction of $300. Matters so proceeded until May 25, 1943, when Savage repudi-

ated his trust, ousted the Lorraines as directors, and elected a new board of directors of which he and at least one of his close associates were members. Thereupon he was voted a salary which was thereafter paid through December, 1943, and concerning which there is now no question. In litigation commenced by David G. Lorraine it was established that Savage held the stock acquired in trust for the Lorraines. An account was struck between the Lorraines and The Lorraine Corporation and Savage and the stock was ordered turned over, under certain conditions precedent, to the Lorraines. The present claims were, however, not passed upon. A receivership of The Lorraine Corporation was asked in a suit by the Lorraines at the end of December, 1943, and was granted January 20, 1944. Savage called a meeting of his friendly board of directors on January 5, 1944, and the two others voted him a salary of $500 and expenses of $150 a month for the period during which Savage was acting as president by virtue of his election by the Lorraines.

The normal inference is that a director who acts in any capacity for a corporation is acting in his own interest and whether or not he performs services as an officer or agent he is not expecting further compensation therefor. Consequently, the ordinary rule is that no salary is due unless there is a resolution of the board of directors expressly fixing the amount thereof before the services are rendered. Here, Savage was acting on behalf of the Lorraines, who were directors. Now since David G. Lorraine a director and representative of the group, was drawing $750 per month as manager, which was reduced by the board of directors from $1050 on account of the necessities of the defendant corporation, it must be concluded that this sum was the limit which the corporation intended to pay the group including the two directors and Savage for services. The Lor-

raines apparently made Savage president as a guaranty that they would carry out their bargain. But there was no intention to pay him any salary. The contract between Savage and the Lorraines was that he was to acquire the stock for the latter and in consideration receive repayment of his money outlay with interest, and a block of stock. The transaction was a private one between them. Under these circumstances the Lorraines, as directors, if they had also acted as officers would not have received any compensation unless specially voted by resolution of the board. Instead the Lorraines cut down the compensation which David G. Lorraine had previously been receiving and did not adopt a resolution fixing any salary for Savage as president or for Savage acting in the interests of the Lorraines, as directors. Now since it has been held that all the stock belonged to the Lorraines the inference is clear that no payment was intended to their interest, or in other words, to Savage as trustee for them. The corporation could not be held liable to Savage for services rendered by him in lieu of David G. Lorraine, who would have been assumed to be acting in his own interest. If there was any compensation due Savage, it was due in relation to his services to the trust. The Trial Court so found and this Court affirms the finding.

The District Court also held that the resolution of the dummy board of directors, passed when there was a pending receivership of the corporation, for payment for services rendered months before and on which no claim had been asserted in the meantime, was futile and of no effect. This was in reality a finding that the supposed authorization or approval of the contract to pay retroactively for the holding of the office, under the circumstances above outlined was neither just nor reasonable [1] at the time it was attempted. This holding is confirmed.

1. This finding of fact also distinguishes the present case from Caminetti v. Prudence Mutual Life Insurance Association, 62 Cal.App.2d 945, 146 P.2d 15. See also the previous opinion in the same case, Cal.App., 142 P.2d 41.

The matter then did not fall within subsection (c) of the Section 820 of the Corporations Code of California.

■ The claim of $1,000 salary for January, 1944, although apparently authorized by the resolution of May 25, 1943, was not approved or ordered paid by this board. In view of the fact that the whole of Savage's interest in the corporation had been adjudged to be held in trust for the Lorraines, who had asked and during that month obtained a receivership, there was substantial basis for disallowing this claim.

■ The payment of $321.60 by Savage to an accountant who testified in the case which ended in the decree of declaration of trust could have been construed as a payment in his own interest. The evidence to that effect was substantial. The Trial Court so held and we affirm.