## IN THE MATTER OF THE TRUST ESTATE OF WALLACE R. FARRINGTON, DECEASED.

### No. 4017.

ARGUED MAY 12, 1958.　　　　　DECIDED MAY 22, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* This court, in pursuance of Motion to Stay Operation and Enforcement of Order and for Injunction Pending Appeal made by appellants in the above entitled matter, did on November 14, 1957, file its decision finding that "It would seem proper, and not prejudicial to any of the parties, to preserve the status quo to the extent of restraining any sale or other disposition of the shares of stock in the Honolulu Star-Bulletin, Limited, and voting on such shares, pending the decision on the appeal."

The parties to the transaction having been unable to agree upon a proper restraining order, appellants have filed herein a Motion for Settlement of the Restraining Order; this motion is based upon the affidavit of Frances Farrington Whittemore setting forth that Elizabeth P. Farrington, Riley H. Allen and Paul L. McIlree, trustees appointed by the order of the lower court, were by virtue

of said vesting order empowered to dominate, and have in fact dominated, the election of the board of directors of said corporation and the management and control of said corporation; that said trustees, through such domination of the management and control of said corporation, secured the appointment of Elizabeth P. Farrington as president of said corporation on or about August 21, 1957, and secured the establishment of an annual salary for Elizabeth P. Farrington as president in the amount of $18,000; that she is informed and believes that the trustees, through their domination of the management and control of the corporation, secured an increase in the annual salary of Elizabeth P. Farrington on April 4, 1958, from $18,000 to $21,000, and that she is further informed and believes that said trustees, through their domination of the management and control of said corporation, contemplate securing further increases in the annual salary of said Elizabeth P. Farrington as president of said corporation at six-month intervals from the date of her original appointment as president of said corporation.

It appears from the affidavit of J. Garner Anthony, attorney for appellees, that the board of directors of the Honolulu Star-Bulletin, Limited, was elected at a special meeting of stockholders on August 21, 1957, said board of directors consisting of nine members, of which Elizabeth P. Farrington, P. L. McIlree and R. H. Allen are members; that at a meeting of the directors certain officers were elected, including the following: Elizabeth P. Farrington as president; P. L. McIlree as vice president and general manager; R. H. Allen as vice president and secretary; that at a meeting of directors on December 23, 1957, at which all directors were present, the salary of the president was fixed at $18,000 per year and a resolution was made that the president's salary should be reviewed by the board of directors at six-month intervals for appropriate adjust-

ment in the discretion of the board; that the salaries of P. L. McIlree and R. H. Allen were increased $100 per month; that the corporation should pay the salary of the president's chauffeur on the basis of 40 hours per week; that the president should be asked to submit a quarterly report of expenses to the board; that at a meeting of the directors held April 4, 1958, the salary of the president was fixed at $21,000 per annum, an increase of $250 per month.

Appellants have requested this court to restrain any further increases in salary of Elizabeth P. Farrington and the officials of the Honolulu Star-Bulletin, Limited.

The decision of this court was to restrain "the said trustees from making any disposition of the stock in the Honolulu Star-Bulletin, Limited, or by their vote making any fundamental change in said corporation pending decision on the merits of the appeal" and in no way involved the internal management of the corporation by its directors.

In the present case six of the nine directors are not parties to this suit and any order relative to salaries would, therefore, be nugatory as the directors not parties to this proceeding constitute a majority of the directors. An additional reason is that this court is in no position to determine the reasonableness of the salary or compensation of the president of the Honolulu Star-Bulletin, Limited, or of any officers or employees thereof. Further, there is no allegation that such salaries are unreasonable. An additional and more potent reason is that any stockholder has a complete remedy to question the reasonableness of the compensation or salaries of the directors and officers of the corporation by a proper proceeding in the court below.

In *Bolte* v. *Bellina,* 15 Haw. 151, where there was a bill in equity praying for an injunction restraining certain directors from paying to themselves certain salaries alleged to be exorbitant and excessive, and for an order

requiring these directors to repay to the corporation all moneys received by them as salaries over and above the amount of reasonable compensation for services rendered by them, this court held "Directors stand towards the corporation in the relation of trustees to a cestui que trust and when they vote to themselves salaries or other compensation for services such salaries or other compensation cannot be allowed to stand unless shown to be fair and reasonable."

An order will be filed in accordance herewith.

*J. Russell Cades* (*Smith, Wild, Beebe & Cades*) and *Moore, Torkildson & Rice* for appellants (defendants-cross plaintiffs), for the motion.

*J. Garner Anthony* (*Robertson, Castle & Anthony*) for appellees (cross plaintiffs), contra.