HAWAIIAN INTERNATIONAL FINANCES, INC., a Hawaii corporation, Plaintiff-Appellant, *v.* PASTOR A. PABLO, et al., Defendants-Appellees

No. 5031

September 23, 1971

RICHARDSON, C.J., ABE, LEVINSON AND KOBAYASHI, JJ., AND CIRCUIT JUDGE MENOR IN PLACE OF MARUMOTO, J., DISQUALIFIED

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal by Hawaiian International Finances, Inc., a Hawaii corporation (herein appellant), from a judgment of the circuit court providing that Pastor Pablo (herein Pablo), Rufina Pablo (herein Mrs. Pablo) and Pastor Pablo Realty, Inc., a Hawaii corporation (herein Pablo Realty) (all collectively herein appellees), are not liable to appellant for certain commissions received by appellees for their participation in the procurement of certain investment properties for appellant.

Although appellant appeals from both the conclusions of law and findings of fact of the trial court, the requisite facts necessary for a proper disposition of this case are not in dispute. As such, the factual rendition is concise and includes only those facts considered essential by this court. They are in part as follows:

FACTS

Pablo was president of appellant during the time the events pertinent to this case took place. In addition he and his wife, Rufina Pablo, were directors of Pablo Realty.

Pablo and Mrs. Pablo had been traveling to California in and prior to 1964, at their own expense, in connection with their private real estate business. Upon their return to Hawaii in early 1964, both Pablo and Mrs. Pablo advised appellant of attractive real estate investment opportunities in California. Appellant's board of directors appointed a subcommittee of four persons, including Pablo and three others who are non-litigants herein, to represent the corporation and go to California to investigate such investments. While in California, agreements were entered into by Pablo on behalf of appellant to purchase two parcels of land. The sellers were represented by separate California real estate brokers who eventually split their commissions from the sellers with Pablo. The trial court found that appellees had had no formal agreements with either of the California selling brokers for any commission splitting prior to the execution of the contracts to purchase the two properties. Pablo

did testify, however, in response to questioning by the trial court, that he did expect, as a real estate broker, a commission for his participation in the transactions, and that he was told by one of the selling brokers that he would be paid after the transactions were closed.

After the closing of the escrows, the selling brokers in California paid, as commissions, $4,800.00 to Pablo in May, 1964 and $17,594.20 to Pablo Realty in April, 1964. At this time appellant did not know of the receipt of these commissions and did not learn of them until the matter was brought up at a corporate meeting in September, 1964. The actual amounts were not disclosed by Pablo until March, 1965.

The trial court concluded as follows: "That although the general rule is that a person who is the president and a director of a corporation is a fiduciary of the corporation and cannot profit from any breach of the fiduciary obligation, nevertheless, under the particular facts of this case, PASTOR A. PABLO, acting for himself and as an officer of PASTOR PABLO REALTY, INC., committed no wrong in accepting the two partial real estate commissions from the California real estate brokers and the court cannot in good conscience compel him to turn those moneys over to the corporation."

## ISSUE

The question on appeal centers around the trial court's construction of the law as applied to the facts in this case. Essentially the issue is whether a corporate officer and director, acting for the corporation in the purchase of investment real estate, can retain a commission received from the real estate brokers representing the sellers, absent disclosure and an agreement with the corporation.

### CORPORATE FIDUCIARY—UNDISCLOSED PROFITS

It is widely held that a director while engaged in a transaction for his corporation cannot retain an undisclosed prof-

it. The rule set forth as follows is exemplary of this principle:

> Unless otherwise agreed, an agent who makes a profit in connection with transaction conducted by him on behalf of his principal is under a duty to turn over such profits to his principal. This same rule applies with equal force to corporate directors who must account to the corporation for any undisclosed profit regardless of what it is called. Hornstein, Corporation Law and Practice § 442. 3, Fletcher, Cyclopedia Corporations, § 884, states the rule as follows:

> "Directors and other officers of a private corporation cannot either directly or indirectly, in their dealings on behalf of the corporation with others, or in any other transaction in which they are under a duty to guard the interests of the corporation, make a profit for themselves, or acquire any other personal benefit or advantage, even though such officer or director may own practically all of the stock of the corporation, and if they do so, they may be compelled to account therefore to the corporation in an appropriate action." *Heit v. Bixby*, 276 F. Supp. 217, 225 (E.D. Mo. 1967).

The above *Bixby* case cites as authority 3 FLETCHER, CYCLOPEDIA OF CORPORATIONS (1965). Included in that treatise is a distinctly applicable section to the activity that occurred in the case at hand.

> § 899. —Sales or leases by or to the corporation. A director or other officer or agent will not be permitted to retain profits he may have made in the sale or lease of property by or to his corporation.

> The cases in which corporate officers have been held liable for profits, upon this trust principle, have generally arisen where, in the acquisition or disposition of property for the corporation, the officer has received personally a profit, as where he has . . . received a secret bonus or advantage in the transaction in which he has acted for the corporation.

Generally it is held that a director will not be permitted to receive and retain a commission or other secret profit or advantage in the case of a sale or lease of property by or to the corporation.

The RESTATEMENT OF RESTITUTION, § 197, comment *c* at 809-810, speaks directly to the facts of the instant case and explains the rationale of the law of this area:

> *c. Where no harm to beneficiary.* The rule stated in this Section is applicable although the profit received by the fiduciary is not at the expense of the beneficiary. Thus, where an agent to purchase property for his principal acts properly in making the purchase but subsequently receives a bonus from the seller, he holds the money received upon a constructive trust for his principal. The rule . . . is not based on harm done to the beneficiary in the particular case, but rests upon a broad principle of preventing a conflict of opposing interests in the minds of fiduciaries, whose duty it is to act solely for the benefit of their beneficiaries.

It is a well established rule both in Hawaii and in a majority of the States that the relation of directors to the corporations they represent is a fiduciary one. *Lum v. Kwong,* 39 Haw. 532, 538 (1952); *Bolte v. Bellina,* 15 Haw. 151, 153 (1903). As such, the conduct of Pablo falls squarely within the above enumerated rule. He was acting solely in his fiduciary capacity as a corporate director when he participated in the transactions from which he received the undisclosed commissions.

### DIRECTOR COMPENSATION

Appellees assert that due to the special facts of this case an exception to the general corporate fiduciary rule should be made. It is suggested that since Pablo was not given a salary or other compensation from appellant, it was reasonable and proper for him to accept the undisclosed commission. In support of this position appellees cite early Hawaii trust cases for the principle that a trustee may receive rea-

sonable compensation for special services rendered the trust estate. *In re Estate of Wichman,* 27 Haw. 780 (1924); *In re Estate of Ena,* 24 Haw. 414 (1918). These cases are clearly inapposite to the present situation. Appellees over-look the fact that a trustee is ordinarily compensated by the trust estate for the services he performs. The status of a corporate director is entirely different. The general rule is that directors of a corporation are not entitled to recover any compensation or salary for performing their ordinary duties unless a provision for such compensation is authorized by a resolution of the board of directors prior to the rendering of the services. *Savage v. Lorraine Corp.,* 217 F.2d 378, 380 (9th Cir. 1954). It is also the prevailing view that where a director also serves as an officer of the corporation, such as Pablo serving as president of appellant, the director-officer cannot recover compensation unless it is expressly provid-ed for by statute, bylaw, regulation or contract. *Brampton Woolen Co. v. Commissioner of Internal Revenue,* 45 F.2d 327, 330 (1st Cir. 1930); *Cox v. First National Bank of Brea,* 10 Cal. App. 2d 302, 305, 52 P.2d 524, 526 (1935). In the case at hand there is no evidence that any of the other directors who went with Pablo to California received any compensation. Nor is there any evidence that the corporation expected to provide any compensation for the services ren-dered in the transactions in question.

In both trust cases cited by appellees it is further ex-plained by the court that the trustee can only receive addi-tional compensation over the statutory or agreed amount if the services are extraordinary and special in character. *Wichman, supra* at 784-785; *Ena, supra* at 417. In the case at hand, Pablo was acting as a director for the corporation when he went to California with the rest of the appointed subcommittee. He had no agreement with appellant, im-plied or otherwise, that he was to represent them as a com-pensated real estate broker. More specifically, the cases ap-pellees cite and the rule of law espoused therein involve si-tuations where the trustee is compensated by the estate it-

self for extraordinary services, in addition to his regular compensation. Conversely, where the commission or other compensation comes from a third party with whom the trustee is dealing on behalf of the trust estate, it is not allowed. "The trustee violates his duty to the beneficiary if he accepts for himself from a third person any bonus or commission for any act done by him in connection with the administration of the trust. Thus, if he sells trust property and accepts from the purchaser a bonus for making the sale, he commits a breach of trust. So also, if he is employed by an insurance company with which he insures trust property, receiving as compensation a commission for placing the insurance, he is accountable for the commission." RESTATEMENT (SECOND) OF TRUSTS § 170, comment *o*.

### APPELLANT'S INTEREST IN THE UNDISCLOSED COMMISSION

In a case involving a trustee who received a bonus from a third party for placing trust business, we held that "when the opportunity to make a profit arises from the position occupied by a fiduciary the profit realized belongs to the principal, at least when the fiduciary has excluded his principal from any chance to enjoy the opportunity coming to the fiduciary in this manner." *In re Dean Trust*, 47 Haw. 629, 640, 394 P.2d 432, 438 (1964). Among the authority given in support of this principle, we cited the case of *Risvold v. Gustafson*, 209 Minn. 357, 296 N.W. 411 (1941). The *Risvold* case is uniquely applicable to the case before us for resolve. In *Risvold* it was held that certain officers and directors of a corporation were liable to the corporation for a secret profit made by them in purchasing property for the corporation. The director-fiduciaries in that case did not disclose that they were to receive a secret commission amounting to a separate interest in the same property the corporation was to receive. The court held that under the doctrine of constructive trusts the defendants were liable to the corporation for the interest they received.

Appellees attempt to circumvent the rationale of the

cases cited above by arguing that appellant could not lawfully have shared in the selling real estate brokers' commissions because appellant was not a licensed real estate broker. They therefore conclude that appellant was not excluded from enjoying the benefit received by appellees. We need not reach this question. In *In re Dean Trust* it was pointed out that a line of cases have held "that the contention of *ultra vires* does not lie in the mouth of a corporate officer claiming the profits of a transaction for himself." *In re Dean Trust, supra* at 638, 394 P.2d at 437. Even if it were decided that appellant itself could not have lawfully received the commissions that would not be determinative. In a case similar to the one at hand, involving a corporate fiduciary who made a secret profit from a seller of land to the corporation, the court said that "[i]t appears only reasonable that [the corporation] would have been more anxious to acquire the property at a price less the commission paid [the fiduciary] than they would have been to purchase the property paying the price including the commission." *Pryor v. Oak Ridge Development Corp.*, 97 Fla. 1085, 1092, 119 So. 326, 329 (1928). The same holds true in this case. Had appellant known that one of its directors, Pablo, would be receiving a commission from its purchase, it is reasonable to assume that it would have been more anxious to acquire the property at a price less that commission.

Appellees' contention that Pablo's actions were in good faith and resulted in no loss to appellant is of no consequence. Had Pablo disclosed the fact that he anticipated receiving commissions, this case would be different. Then appellant would have had an opportunity to either attempt to obtain the property at a price less the commissions or it could have agreed with Pablo to acquiesce in letting him retain the commissions he received. This was not done. Appellant did not even learn of the commissions until months after their receipt when Pablo was directly questioned about them during a corporate meeting.

### CONCLUSION

In accordance with the principles relating to corporate fiduciaries espoused herein, appellees Pablo and Pablo Realty are liable to appellant for the commissions they received and the trial court's judgment is reversed. As to appellee Mrs. Pablo, we affirm the judgment of the trial court, the trial court having specifically found, in its findings of fact, that Mrs. Pablo had no connection with the receipt of the commissions.

Remanded for entry of judgment consistent with this opinion.

*Keith J. Steiner* (*Padgett, Greeley, Marumoto & Akinaka* of counsel) for plaintiff-appellant.

*Herbert Y. C. Choy* (*John D. McComish* with him on the brief, *Fong, Miho, Choy & Robinson* of counsel) for defendants-appellees.