FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000414
30-NOV-2018
08:06 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

TARA AOYAGI LUMFORD, Plaintiff-Appellant/Cross-Appellee,
v. GLENN YOSHIO OTA, also known as GLENN OTA, individually
and as Personal Representative of the Estate of JANIS YUKIE OTA,
deceased, Defendant-Appellee/Cross-Appellant, and
JOHN DOES 1 THROUGH 10, Defendants

NO. CAAP-16-0000414

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-1336 KTN)

NOVEMBER 30, 2018

GINOZA, CHIEF JUDGE, FUJISE AND LEONARD, JJ.

OPINION OF THE COURT BY LEONARD, J.

Plaintiff/Appellant/Cross-Appellee Tara Aoyagi Lumford

(**Lumford**) appeals from the Final Judgment (**Judgment**) entered on

April 19, 2016, by the Circuit Court of the First Circuit

(**Circuit Court**),[1] in favor of Defendant/Appellee/Cross-Appellant

Glenn Yoshio Ota (**Ota**), both individually and as personal

---

[1]     The Honorable Karen T. Nakasone presided.

representative of the Estate of Janis Yukie Ota (**Janis**). Lumford also challenges the Circuit Court's Order Granting Defendant Glenn Yoshio Ota's Motion to Dismiss Plaintiff Tara Aoyagi Lumford's First Amended Complaint, filed October 6, 2015 (**Order Dismissing Amended Complaint**). On cross-appeal, Ota challenges the Circuit Court's Order Granting in Part and Denying in Part Defendant's Motion for Attorneys' Fees and Costs, filed on March 8, 2016 (**Attorneys' Fees Order**).

In short, the Circuit Court concluded, as a matter of law, that no claim for unjust enrichment may be sustained by Lumford against Ota because Lumford did not allege that she (rather than a third party) bestowed a benefit upon Ota that he wrongfully retained. As set forth below, we hold that the Circuit Court erred and that, in limited circumstances, a claim for unjust enrichment may be stated by allegations that a third-party has conferred a benefit upon a defendant to which the plaintiff claims he or she has a superior legal or equitable right. The requirements for such a claim may be satisfied by proof of a clear legal entitlement. Other equitable circumstances might suffice, but in all cases, the plaintiff must identify a right in the disputed assets that is both recognized and accorded priority over the interest of the defendant. It is insufficient to allege that the defendant has received a windfall, that the claimant has been ill-treated, and that the third party's payment or other transfer to the defendant (or the defendant's retention of payment or transferred assets as against the claimant) violates rules of good faith, basic fairness, or

2

common decency. The Judgment is vacated, and this case is remanded to the Circuit Court.

I.    BACKGROUND FACTS

On June 10, 2015, Lumford filed a complaint against Ota. An Amended Complaint was filed on October 6, 2015. In the Amended Complaint, Lumford alleged that in July of 2008, her aunt Cindy Aoyagi (**Aoyagi**) owned a single-family residence in Waipahu, Hawai'i (**Waipahu Property**). Aoyagi learned that she was suffering from cancer and decided to make provisions to dispose of her property in case of her death. Lumford alleged in the Amended Complaint that Aoyagi wanted to leave the Waipahu Property to Lumford, but Aoyagi believed Lumford was not yet mature enough to manage it by herself.

The Amended Complaint further alleged that Aoyagi decided to convey the Waipahu Property to Ota in fee simple absolute, retaining a life estate for herself, in reliance on Ota's promise to hold the Waipahu Property for the use and benefit of Aoyagi during her lifetime and, thereafter, for the use and benefit of Lumford's parents during their lifetimes, and thereafter, for the use and benefit of Lumford until such time as Lumford attained the maturity to manage the Waipahu Property herself, whereupon Ota would convey the Waipahu Property to Lumford. In addition, Lumford alleged that a confidential relationship existed between Ota and Aoyagi at the time of the conveyance and that the conveyance was based on and arose out of that confidential relationship. The deed recording this conveyance was recorded in the Bureau of Conveyances.

3

Aoyagi died in May of 2009, and the following July, Ota conveyed the Waipahu Property to himself and his wife Janis as tenants by the entirety; the deed was recorded in the Bureau of Conveyances. In December of 2013, Ota and Janis mortgaged the Waipahu Property in the amount of $100,000. Janis later died, and in September of 2014, Ota conveyed the Waipahu Property to a third-party for a payment of $540,000. In November of 2014, Ota was appointed as personal representative of Janis's estate. Lumford alleged that between May 31, 2009, and September 19, 2014, Ota and/or Janis received rental and other income from the Waipahu Property for which they have not accounted and which they have retained for their own use and benefit. Lumford's parents are also now deceased.

Lumford's Amended Complaint asserted two counts, "Count I: Breach of Fiduciary and Confidential Relationship" and "Count II: Alternative Claim for Breach of Fiduciary and Confidential Relationship." Both counts averred that Ota would be unjustly enriched unless equitable relief was granted to Lumford by the court. Accordingly, based on Ota's alleged unjust enrichment, Lumford sought to impose a constructive trust upon the rental and other income and proceeds from the mortgage and sale of the Waipahu Property and sought an accounting from Ota of any income he and/or Janis received from the Waipahu Property.

Ota filed a Motion to Dismiss Plaintiff's First Amended Complaint on October 6, 2015 (**Motion to Dismiss**). Ota thereafter argued, *inter alia,* that Lumford does not have a cognizable unjust enrichment claim because such a claim requires that the

4

plaintiff have directly conferred a benefit upon the defendant. Ota argued that because Lumford alleged that Aoyagi had conferred the benefit (the Waipahu Property) upon Ota, Lumford, as a third party to that conveyance, has no justiable claim for unjust enrichment.

In addition, Ota attached to a supplemental memorandum in support of the Motion to Dismiss, *inter alia*, the findings of fact and conclusions of law from <u>June T. Aoyagi v. Estate of Cindy Hatsue Aoyagi, et al.</u>, Civil No. 10-1-2560 (**Roger's Civil Case**), an action purportedly prosecuted by Lumford's father, Roger Aoyagi, and the briefing from the appeal of the judgment in Roger's Civil Case. <u>See</u> <u>Aoyagi v. Aoyagi</u>, 2017 WL 253545 (Haw. App. Jan. 20, 2017) (SDO).

Lumford filed a memorandum in opposition to the Motion to Dismiss, which included a declaration of Lumford in which she averred, *inter alia*, that she was told by Aoyagi's attorney that Aoyagi "decided to leave [Ota] in charge of the property with the hopes that he would transfer the property to [Lumford] once he felt [Lumford] was ready."

The Circuit Court agreed with Ota's argument that an unjust enrichment claim requires that a plaintiff have directly conferred a benefit upon the defendant and that dismissal of Lumford's claims on this basis was required. The Circuit Court stated:

> [M]y inclination is just based on a 12(b)(6) reading of the First Amended Complaint, and under [<u>Pavsek v. Sandvold</u>, 127 Hawaiʻi 390, 279 P.3d 55 (App. 2012)] that the way it's pled, even in the First Amended Complaint, for the reasons set forth by the Defendants, I don't think you can withstand 12(b)(6) under that case on the unjust enrichment, and if there is no unjust enrichment that's legally

cognizable, then the other claims, I think I agree with the Defendants that those are remedies and not stand-alone claims.

So that's my inclination, that I don't know that it's -- I'm not certain it's necessary for the Court to reach all of the issues, and just under 12(b)(6), my inclination is I'm persuaded just by that.

After hearing further argument, the Circuit Court

stated:

I'm going to incorporate the comments I made in the inclination as part of the basis of the ruling, and based on the arguments made by the movant in their Defendant's Supplemental Memorandum and the Reply, this Court finds that there's no cognizable claim under 12(b)(6) the way this is pled and looking at the elements of unjust enrichment, and the claim of constructive trust is a remedy and not a claim, so that's the Court's interpretation of what the case law stands for as well.

This Court did take judicial notice, and I found that all of the -- the exhibits in the Reply submitted by the Defendants and under Rule 201, as well as in the supplemental memorandum, this Court did take judicial notice of those, and I think it's appropriate under Rule 201.

And also, with regard to the standard of review, I'm disposing of this for failure to state a cognizable claim under 12(b)(6). However, Thomas vs. Sterns, S-T-E-R-N-S, I think that because my take on this case is even if I take judicial notice, I think it still does convert this under Rule 56, so I'm not totally convinced under the citation of --

I think the Defendant cited this case saying I could take judicial notice and it would not convert the 12(b)(6) into a Rule 56 motion, but I think it does, so assuming *arguendo* it does, even under a Rule 56 standard of review, based on the Court's review of the Complaint and the applicable authorities, the movants have demonstrated entitlement to judgment as a matter of law, and I'm dealing with it as a question of law; however, taking judicial notice under 201 of the other court proceedings and those documents and orders.

Accordingly, the court granted summary judgment in favor of Ota on the sole basis that, as a matter of law, no claim for unjust enrichment may be established without the plaintiff having provided a direct benefit to the defendant.[2]

On December 16, 2016, Ota filed his Motion for Attorneys' Fees and Costs (**Motion for Attorneys' Fees and Costs**)

---

[2]     Although entitled Order Granting Defendant Glenn Yoshio Ota's Motion to Dismiss Plaintiff Tara Aoyagi Lumford's First Amended Complaint, filed October 6, 2015, the order states that Ota's motion is granted pursuant to Hawaii Rules of Civil Procedure (**HRCP**) Rule 56.

arguing that Lumford's unjust enrichment claim is an action "in the nature of assumpsit" and that, pursuant to Hawaii Revised Statutes (**HRS**) § 607-14 (2016),[3] he was entitled to attorneys' fees. The Circuit Court denied Ota's request for attorneys' fees because it concluded that Lumford sought only equitable relief, not money damages, and therefore, the action was not in the nature of assumpsit. The Circuit Court granted Ota's request for costs.

Lumford timely filed a notice of appeal; Ota cross-appealed.

II. POINTS OF ERROR

Lumford contends that the Circuit Court erred in granting summary judgment in favor of Ota based on a failure to state a claim upon which relief can be granted. Lumford also seeks a ruling on whether she is precluded from asserting a claim against Ota based on Roger's Civil Case.

---

[3] HRS § 607-14 states, in relevant part:

§607-14 **Attorneys' fees in actions in the nature of assumpsit, etc.** In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.
. . . .

On cross-appeal, Ota contends that the Circuit Court erred in denying his request for attorneys' fees.

III. APPLICABLE STANDARDS OF REVIEW

An order granting a motion to dismiss is reviewed *de novo*. Hungate v. Law Office of David B. Rosen, 139 Hawai'i 394, 401, 391 P.3d 1, 8 (2017) (citation omitted). It is well-established that

> a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. The appellate court must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing a circuit court's order dismissing a complaint . . . the appellate court's consideration is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true.

Kealoha v. Machado, 131 Hawai'i 62, 74, 315 P.3d 213, 225 (2013) (citations and brackets omitted); Bank of America, N.A. v. Reyes-Toledo, 2018 WL 4870719, at *9 (Haw. Oct. 9, 2018).

The appellate court also reviews a trial court's grant or denial of summary judgment *de novo*. Anastasi v. Fid. Nat'l Title Ins.Co., 137 Hawai'i 104, 112, 366 P.3d 160, 168 (2016) (citing Bremer v. Weeks, 104 Hawai'i 43, 51, 85 P.3d 150, 158 (2004)).

Regarding the award of attorneys' fees, the general rule is that:

> This court reviews the denial and granting of attorney's fees under the abuse of discretion standard. The same standard applies to this court's review of the amount of a trial court's award of attorney's fees. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Chun v. Bd. of Trs. of the Emps.' Ret. Sys. of Haw., 106 Hawaiʻi 416, 431, 106 P.3d 339, 354 (2005) (citations omitted; format altered).

IV.  DISCUSSION

A.  The Order Dismissing Amended Complaint

We first consider the nature of the Circuit Court's ruling, i.e., whether the Motion to Dismiss was necessarily converted to a summary judgment motion.

Ota's Motion to Dismiss sought relief on two grounds. Ota first argued that, in light of the findings and conclusions in Roger's Civil Case, entered after a jury-waived trial, Lumford could not re-litigate the contention that Aoyagi wanted the Waipahu Property to go to Lumford. In addition, Ota argued that the Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted because it did not allege that Lumford conferred a benefit upon Ota.[4]  At the hearing, Ota argued that he was seeking dismissal based on Lumford's failure to state a claim because there was no assertion that she had conferred a benefit upon Ota, and that he was not seeking relief based on res judicata because the appeal was (then) still pending in Roger's Civil Case.

At the hearing on the Motion to Dismiss, the Circuit Court expressly ruled that "there's no cognizable claim under [HRCP Rule] 12(b)(6)" for unjust enrichment the way that the claim was pleaded in the Amended Complaint.  The Circuit Court

---

[4]  Ota framed the issue as a contention that Lumford lacked standing because she had not conferred a benefit on him.

further stated "with regard to the standard of review, I'm disposing of this for failure to state a cognizable claim under 12(b)(6)." However, it appears that the Circuit Court concluded that, because the court took judicial notice of the documents and orders in Roger's Civil Case, the matter was necessarily decided as a summary judgment motion pursuant to HRCP Rule 56.

Generally, "[a] Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted shall be treated as a Rule 56, HRCP, motion for summary judgment when 'matters outside the pleading' are presented to and not excluded by the court <u>in making its decision on the motion</u>." <u>Rosa v. CWJ Contractors, Ltd.</u>, 4 Haw. App. 210, 214, 664 P.2d 745, 749 (1983) (emphasis added); <u>see</u> <u>also</u> HRCP Rule 12(b)[5] (if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

Here, the Circuit Court took judicial notice of various documents and orders filed in Roger's Civil Case, including the appeal, but the court did not use or rely in any way on matters

---

[5] HRCP Rule 12(b) states, in relevant part:

> (b) *How Presented.* Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted. . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

outside of the pleadings in this case in reaching its decision to dismiss the Amended Complaint. The Circuit Court expressly ruled that, based on HRCP Rule 12(b)(6), Lumford had failed to state a claim for unjust enrichment. Under these circumstances, the Circuit Court was not required to treat the Motion to Dismiss as a motion for summary judgment. However, the court did not expressly state that it was excluding matters outside the pleadings in making its decision on the Motion to Dismiss. Accordingly, the Circuit Court properly treated the Motion to Dismiss as a summary judgment motion and we consider the Circuit Court's ruling in this light.

The Circuit Court granted summary judgment and dismissed the Amended Complaint on the basis that Ota was entitled to judgment as a matter of law on Lumford's claim for unjust enrichment because Ota did not directly receive a benefit from Lumford; rather, Ota received a benefit from a third-party to which Lumford claims an entitlement. The Circuit Court concluded, as a matter of law, that no claim for unjust enrichment may be sustained in a case where the plaintiff did not directly bestow the benefit upon the defendant.

Typically, a claim for unjust enrichment arises out of an allegation that the plaintiff has bestowed a benefit in money, property, or services upon the defendant, and the plaintiff then seeks some form of relief in equity to prevent the unjust enrichment of the defendant. See, e.g., Durette v. Aloha Plastic Recycling, Inc., 105 Hawaiʻi 490, 504, 100 P.3d 60, 74 (2004) (a "claim for unjust enrichment requires only that a plaintiff prove

that he or she confer[red] a benefit upon the opposing party and that the retention [of that benefit] would be unjust") (citation omitted); Yoneji v. Yoneji, 136 Hawai'i 11, 18, 354 P.3d 1160, 1167 (App. 2015) (same).[6]

However, the Hawai'i Supreme Court has also recognized that "unjust enrichment" is a "broad and imprecise term defying definition." Small v. Badenhop, 67 Haw. 626, 636, 701 P.2d 647, 654 (1985).

> Unjust enrichment is an indefinable idea in the same way that justice is indefinable. But many of the meanings of justice are derived from a sense of injustice, and this is true of restitution since attention is centered on the prevention of injustice. Not all injustice but rather one special variety: the unjust enrichment of one person at the expense of another.

Id. at 636 n.12, 701 P.2d at 654 n.12 (quoting 1 G. Palmer, The Law of Restitution § 1.1 (1978)). The supreme court has explained:

> It is a truism that "[a] person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action. . ., or in any way adds to the other's security or advantage." Restatement of Restitution § 1 comment b (1937). One who receives a benefit is of course enriched, and he would be unjustly enriched if its retention would be unjust. Id. § 1 comment a. And it is axiomatic that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." Id. § 1. We realize unjust enrichment is a broad and imprecise term defying definition. But in deciding whether there should be restitution here, we are guided by the underlying conception

---

[6] The Circuit Court cited Pavsek v. Sandvold, 127 Hawai'i 390, 403, 279 P.3d 55, 68 (App. 2012), abrogated on other grounds by Bank of America, N.A. v. Reyes-Toledo, 2018 WL 4870719, wherein this court affirmed the dismissal of an unjust enrichment claim stating, "[t]o prove unjust enrichment, a plaintiff must show that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust". (Citation and internal quotation marks omitted). In Pavsek, however, although the plaintiff alleged that the defendants had been unjustly enriched by third parties, the plaintiff was not alleging that the "enrichment" should have instead benefitted the plaintiff, thereby entitling the plaintiff to restitution; rather, the plaintiff was arguing only that the defendants should not be allowed to receive the benefit at issue in that case. 127 Hawai'i at 394, 279 P.3d at 59.

of restitution, the prevention of injustice. <u>See</u> A.
Denning, The Changing Law 65 (1953).

<u>Durette</u>, 105 Hawai'i at 502-03, 100 P.3d at 72-73 (footnotes omitted) (quoting <u>Small</u>, 67 Haw. at 635-36, 701 P.2d at 654).

Hawai'i courts have often looked to the relevant Restatement in such matters. <u>See</u>, <u>e.g.</u>, <u>Small</u>, 67 Haw. at 635-36, 701 P.2d at 654 (citing to the Restatement of Restitution (1937) to explain unjust enrichment); <u>see</u> <u>also</u> <u>Kawakami v. Kahala Hotel Inv'rs, LLC</u>, 142 Hawai'i 507, 514 n.5, 421 P.3d 1277, 1284 n.5 (2018) (citing Restatement (Third) of Restitution and Unjust Enrichment (Am. Law Inst. 2011) (**Restatement (Third) of Restitution**) regarding the explanation of a restitution interest); <u>Peters v. Weatherwax</u>, 69 Haw. 21, 29, 731 P.2d 157, 162 (1987) (citing to Restatement of Restitution (1937) for proposition that restitution may be used to prevent unjust enrichment where plaintiff's property has been used to discharge obligation owed by defendant); <u>Kam Oi Lee v. Fong Wong</u>, 57 Haw. 137, 139-40, 552 P.2d 635, 637-38 (1976) (citing to Restatement of Restitution (1937) to explain when a constructive trust will be imposed); <u>Alamida v. Wilson</u>, 53 Haw. 398, 404, 495 P.2d 585, 590 (1972) (agreeing with analysis in case that relied on proposition from Restatement of Restitution (1937) that one who settles under threat of civil suit is not a volunteer, and is, therefore, entitled to recover under the general principle of subrogation); <u>Hawaiian Int'l Fins., Inc. v. Pablo</u>, 53 Haw. 149, 153, 488 P.2d 1172, 1174-75 (1971) (citing to Restatement of Restitution (1937) to explain the rationale for not permitting directors to receive and retain a commission or secret profit or

advantage in the case of a sale or lease of property by or to the corporation); Peine v. Murphy, 46 Haw. 233, 241-42, 377 P.2d 708, 713 (1962) (citing to Restatement of Restitution (1937) to explain when a constructive trust will be imposed).

The Restatement (Third) of Restitution addresses circumstances wherein a plaintiff claims the defendant has been unjustly enriched at his or her expense from a benefit bestowed upon the defendant by a third party. See Restatement (Third) of Restitution at Ch. 6 Intro. Note (introducing the concept of "three-cornered" restitution claims and underlying principles thereof). The Restatement (Third) of Restitution § 48 is instructive. It explains that "[i]f a third person makes a payment to the defendant to which (as between claimant and defendant) the claimant has a better legal or equitable right, the claimant is entitled to restitution from the defendant as necessary to prevent unjust enrichment." Id. Comment i of that section explains, however, that the rule in this section is narrower than it appears. The Comment states:

> Properly interpreted, the requirement that the claimant demonstrate "a better legal or equitable right" to the benefit in question is actually highly restrictive. The requirement is satisfied in some instances . . . by proof of a clear legal entitlement. In other cases the claimant's entitlement is drawn from equity jurisprudence. But the requirement, in either case, is that the claimant identify a right in the disputed assets that is both recognized, and accorded priority over the interest of the defendant, under the law of the jurisdiction. Proof merely that the defendant has received a windfall, that the claimant has been ill-treated, and that the third party's payment to the defendant (or the defendant's retention of payment as against the claimant) violates rules of good faith, basic fairness, or common decency, does not suffice to make out a claim in restitution under § 48 or any other provision of this Restatement.

Id.

We note that courts in a number of other jurisdictions have adopted this approach, recognizing unjust enrichment claims where a third party has conferred a benefit upon a defendant to which the plaintiff claims a superior legal or equitable right. See, e.g., Smith v. Whitener, 856 S.W.2d 328, 330 (Ark. Ct. App. 1993) (recognizing that although enrichment to the defendant must be at the expense of the plaintiff, the enrichment need not come directly from the plaintiff, but rather may come from a third party); Town of New Hartford v. Conn. Res. Recovery Auth., 970 A.2d 592, 618 (Conn. 2009) ("[a]lthough unjust enrichment typically arises from a plaintiff's direct transfer of benefits to a defendant, it also may be indirect, involving, for example, a transfer of a benefit from a third party to a defendant when the plaintiff has a superior equitable entitlement to that benefit"); Casey v. Seacoast Radiology, P.A., 2016 WL 3475984, at *3-*4 (N.H. Mar. 3, 2016) (recognizing a claim for unjust enrichment where a third party conferred a benefit, but finding that the plaintiff failed to demonstrate a better legal or equitable right to funds); New Prime, Inc. v. Harris Transp. Co., 2012 WL 3192718, at *2-*5 (N.C. App. Aug. 7, 2012) (recognizing unjust enrichment claims as viable where benefit was conferred by third party and noting that this principle is in line with the Restatement and a number of other states); Grimstad v. Knudsen, 386 P.3d 649, 658-59 (Or. App. 2016) (recognizing that in some cases a plaintiff may assert an unjust enrichment claim where the plaintiff did not confer a benefit on the defendant).

Based on the rationale of the Restatement (Third) of Restitution, we hold that, in limited circumstances, a claim for unjust enrichment may be stated by allegations that a third party has conferred a benefit upon a defendant to which the plaintiff claims he or she has a superior legal or equitable right. As set forth in the quotation above, the requirements for such a claim may be satisfied by "proof of a clear legal entitlement." Restatement (Third) of Restitution § 48, Comment i. Other equitable circumstances might suffice, but in all cases, the plaintiff must "identify a right in the disputed assets that is both recognized, and accorded priority over the interest of the defendant." Id. We agree with and adopt the principle that "[p]roof merely that the defendant has received a windfall, that the claimant has been ill-treated, and that the third party's payment to the defendant (or the defendant's retention of payment as against the claimant) violates rules of good faith, basic fairness, or common decency, does not suffice to make out a claim in restitution." See id.

Here, the parties have presented arguments, in the Circuit Court and on appeal, regarding whether a plaintiff can state a claim upon which relief can be granted by asserting that a defendant has been unjustly enriched at the plaintiff's expense from a benefit bestowed upon the defendant by a third party, and relatedly, whether Lumford has standing to bring such a claim against Ota, where it is alleged that Aoyagi, not Lumford, conveyed the Waipahu Property to Ota. We have held that, under limited circumstances, such a claim for relief is cognizable. We

16

conclude, based on the allegations of the Amended Complaint —
including that Aoyagi conveyed the Waipahu Property to Ota in
reliance on Ota's alleged promise to, *inter alia*, convey the
Waipahu Property to Lumford at some point in time — that Lumford
has standing to bring a claim against Ota.  Thus, we further
conclude that the Circuit Court erred in dismissing the Amended
Complaint solely on the ground that Aoyagi, not Lumford, conveyed
the Waipahu Property to Ota.

However, neither the parties nor the Circuit Court
addressed the further requirement of an unjust enrichment claim
that is based upon a benefit bestowed upon the defendant by a
third-party, which is that the plaintiff must allege, and
ultimately must establish, either a clear legal entitlement to
the benefit or an entitlement under equity jurisprudence.  In
either case, the plaintiff must identify a legal or equitable
right in the disputed asset that is both recognized and accorded
priority over the interest of the defendant.[7]  As this issue has
not been briefed, it is best addressed in conjunction with the
remand of this case to the Circuit Court.

B.    Res Judicata

Lumford seeks a ruling by this court that she is not
bound to the results of Roger's Civil Case by the doctrine of *res
judicata*.  However, the Circuit Court did not rule on whether
Lumford's claim is precluded by res judicata, collateral

---

[7]     We reiterate that the mere allegation that the defendant has
received a windfall, that the plaintiff has been ill-treated, and that the
third party's conveyance to the defendant (or the defendant's retention of the
asset as against the plaintiff) violates rules of good faith, basic fairness,
or common decency, does not suffice to make out a claim in restitution.

estoppel, or any other preclusive doctrine. Therefore, we decline to address the issue in this appeal.

C.  The Cross-Appeal

In the cross-appeal, Ota argues that the Circuit Court erred in denying his request for attorneys' fees because he was the prevailing party in an action in the nature of assumpsit. However, because we have determined that the Circuit Court erred when it dismissed the Amended Complaint for failure to state a claim, the question of an award of attorneys' fees to the prevailing party is premature.

V.  CONCLUSION

For the foregoing reasons, the Circuit Court's April 19, 2016 Judgment is vacated and this case is remanded to the Circuit Court for further proceedings consistent with this Opinion.

On the briefs:

Charles H. Brower,
    and
Michael P. Healy,
    and
Walter R. Schoettle,
for Plaintiff-Appellant/
 Cross-Appellee.

Mark M. Murakami,
E. Kumau Pineda-Akiona,
(Damon Key Leong Kupchak Hastert),
for Defendant-Appellee/
 Cross-Appellant.