**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000273**
**18-FEB-2026**
**09:35 AM**
**Dkt. 99 SO**

NOS. CAAP-23-0000273, CAAP-24-0000075, and CAAP-24-0000603

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-23-0000273**
IN THE MATTER OF
THE ATHERTON RICHARDS TRUST OF SEPTEMBER 19, 1972,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1TR141000145 and 1TR181000071)


and


**CAAP-24-0000075**
HERBERT M. RICHARDS, III, and PATRICIA K. RICHARDS
(aka PATRICIA RICHARDS GILES) Claimants-Appellees,
v.
RIKI MAY AMANO, Respondent-Appellant, and
JOHN RICHARDS and PAMELA KETCHUM, Respondents-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CSP-23-0000978)


and


**CAAP-24-0000603**
IN THE MATTER OF
THE ATHERTON RICHARDS TRUST OF SEPTEMBER 19, 1972,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1TR141000145 and 1TR181000071)

**SUMMARY DISPOSITION ORDER**
(By:  Nakasone, Chief Judge, McCullen and Guidry, JJ.)

These consolidated appeals arise out of the wind up of the Atherton Richards Trust (**Trust**).  The Trust's primary asset is Kahua Ranch, Ltd. (**Ranch**).  The four sibling beneficiaries are Petitioner/Respondent/Claimant-Appellant/Appellee Herbert M. Richards, III (**Herbert**), Respondent/Petitioner/Claimant-Appellant/Appellee Patricia K. Richards (**Patricia**), Respondent-Appellee John A. Richards (**John**), and Respondent-Appellee Pamela Richards Ketchum (**Pamela**) (collectively, the **beneficiaries**).  The beneficiaries have a contentious relationship.

The beneficiaries retained Successor Trustee/Petitioner/Respondent-Appellee/Appellant Riki May Amano (**Amano**).  In the "First Term Sheet for Agreement and Plan of Reorganization" (**First Term Sheet**), the beneficiaries agreed that Amano would reorganize the Trust assets into two separate corporations, and then distribute the stock of the separate corporations to the shareholders free of capital gains taxes on the assets.  Pursuant to this agreement, the Ranch would essentially be divided into two separate ranches, with ownership of one ranch to be conveyed to Herbert and Patricia, and ownership of the other ranch to be conveyed to John and Pamela.  Amano obtained a Private Letter Ruling from the Internal Revenue Service (**IRS**) regarding I.R.C. § 355 (West), approving the

2

proposed corporate division as part of the anticipated Trust division.

It appears that the wind up of the Trust is not yet complete. The beneficiaries disagree on various issues, and, pursuant to the terms of the First Term Sheet, must resolve such disputes through binding arbitration.

Amano filed her October 2022 "Petition for Approval of (1) Final Accounts from January 1, 2022 Through September 30, 2022, (2) Authorization to File a Supplemental Accounting Through Date of Discharge Without Further Court Hearing[,] (3) Payment of Trustee's Termination Fee, (4) Payment of Attorneys' Fees and Costs, (5) Issuance of an Order Compelling Beneficiaries to Fund Trust or Alternatively for Authorization to Sell Trust Assets and/or Distribute Trust Assets[,] and (6) Discharge and Release of Trustee" (**Approval Petition**), with the Circuit Court of the First Circuit in case no. 1TR141000145 (**probate court**).[1] The Approval Petition sought, inter alia, $1,095,727.23 in trustee compensation for Amano's thirty-three months of trustee work, and $646,276.70 in attorneys' fees and costs for work done to wind up the Trust and for participating in the various arbitrations.[2]

---

[1]     The Honorable R. Mark Browning presided.

[2]     Amano also requested to be discharged from her role as Successor Trustee; Amano withdrew this request.

3

On December 28, 2022, the day before the probate court heard the Approval Petition, Herbert and Patricia filed "Beneficiaries [Patricia] and [Herbert's] Petition for Surcharge Against Trustee [Amano]" (**Surcharge Petition**), alleging that Amano breached her trust duties.  The Surcharge Petition claimed, among other things, that Amano committed IRS malfeasance, engaged in conflicts of interest, breached her fiduciary duties, and failed to maintain Trust assets.  The Surcharge Petition sought, inter alia, damages, attorneys' fees, and costs against Amano.

In March 2023, the probate court filed its "Order Granting in Part and Denying in Part [Approval Petition], Filed October 24, 2022" (**Approval Order**) and "Judgment on [Approval Order]" (**Approval Judgment**) in case no. 1TR141000145.  Relevant here, the Approval Order granted Amano's requested trustee compensation and partially granted her attorneys' fees and costs.[3]  In so doing, the probate court determined that it was

---

[3]     The Approval Order stated, in relevant part,

> 3. [Amano's] compensation as Successor Trustee for services rendered during the accounting period of January 1, 2020 through September 31 [sic], 2022 is approved.
>
>     . . . .
>
>     b. The [probate court] determines that the rate of $750 per hour for compensation as Successor Trustee pursuant to the Stipulation and Order Appointing [Amano] as Successor Trustee of the [Trust], filed on August 27, 2018, is binding on all parties.

"not necessary to wait for the outcome of the pending Surcharge Petition(s)" because "[i]f the [probate court] subsequently determine[d] that it is appropriate to surcharge [Amano] for actions taken as Successor Trustee, [Amano] may be ordered to return any improper compensation back to the Trust." Herbert and Patricia appealed from the Approval Order and Approval Judgment, creating CAAP-23-0000273.

The probate court separately addressed the Surcharge Petition. In a March 2023 minute order, the probate court: (1) found the Surcharge Petition to be a contested matter and retained the matter under Hawaiʻi Probate Rules (**HPR**) Rule 20; (2) ordered the arbitration of Counts 1 (IRS Malfeasance), 3 (Delay of Trust Wind Up Based on Partiality Against Herbert and Patricia and Desire to Increase Amano's Own Fees), 4 (Creating Tax Liability), 5 (Failure to Return Funds Ordered by Arbitrator), and 21 (Breach of the First Term Sheet); and (3) denied Herbert and Patricia's remaining claims without prejudice. The probate court stayed the probate proceedings until the resolution of arbitration on the above claims.

In August 2023, the arbitrator entered its "Final Decision and Award on Arbitration Demands 5 and 6"[4] (**Arbitration Award**). The Arbitration Award found, inter alia, that Amano

---

[4] Arbitration Demand 6 concerned the five claims referred for arbitration by the probate court.

breached her trust duties, and that John and Pamela violated their duty of good faith and fair dealing.  The arbitrator ordered Amano to reimburse the Trust $321,912.60, and John and Pamela to pay Herbert and Patricia $263,286.48 in damages. Herbert and Patricia filed a "Motion to Confirm [the] Arbitration Award" in the Circuit Court of the First Circuit in case no. 1CSP-23-0000978 (**circuit court**).[5]  The circuit court heard the motion, and entered the "Order Granting Motion to Confirm Arbitration Award, Filed on October 27, 2023 (DKT. 1)" (**Arbitration Order**) and "Final Judgment on Arbitration Award" (**Arbitration Judgment**).  Amano appealed the Arbitration Order and Arbitration Judgment, creating CAAP-24-0000075.

In March 2024, Herbert and Patricia moved for reconsideration of the Approval Order in case no. 1TR141000145,[6] citing the Arbitration Award as "new evidence."  The probate court entered its "Order Denying Petition for Reconsideration [of the Approval Order]" (**Order Denying Reconsideration**). Herbert and Patricia appealed the Order Denying Reconsideration, creating CAAP-24-0000603.

Herbert and Patricia raise seven points of error on appeal in case nos. CAAP-23-0000273 and CAAP-24-0000603,

---

[5]     The Honorable Lisa W. Cataldo presided.

[6]     The Honorable James S. Kawashima presided over Herbert and Patricia's motion for reconsideration in case no. 1TR141000145.

contending that the probate court erred in: (1) "approv[ing] [Amano's] compensation when there was a pending [Surcharge Petition]"; (2) "declin[ing] to limit [Amano's] compensation to the statutory rate of compensation set forth in [Hawaii Revised Statutes (**HRS**) §] 607-18[ (2016)]"; (3) "approv[ing] [Amano's] compensation for time spent defending against arbitrations [Amano] lost and unsuccessfully trying to avoid arbitration and overturn arbitration awards"; (4) "approv[ing] [Amano's] compensation for time that was unreasonable and/or was not for the sole benefit of the Trust"; (5) "grant[ing] [Amano's] request for attorneys' fees for participating in the arbitrations"; (6) "grant[ing] [Amano's] request for attorneys' fees and costs for time that was unreasonable"; and (7) entering the Order Denying Reconsideration.

Amano raises three points of error on appeal in case no. CAAP-24-0000075, contending that the circuit court erred in: (1) "acting without subject matter jurisdiction" by "confirm[ing] and enter[ing] judgment on a non-final arbitration decision"; (2) "enforcing an arbitration agreement that violates public policy"; and (3) "refusing to vacate and remand [the Arbitration Award] for clarification."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration

to the arguments advanced and the issues raised by the parties, we resolve the parties' points of error as follows:

## I.    CAAP-23-0000273 and CAAP-24-0000603

(1) Herbert and Patricia contend that the probate court erred in "approv[ing] [Amano's] compensation without waiting for the outcome of [the Surcharge Petition]." They contend that the probate court could not properly evaluate the reasonableness of Amano's requested compensation without "tak[ing] into account the outcome of the [S]urcharge [P]etition."[7]

"In an action for an accounting, a court of equity is called upon to determine the propriety of every entry in an estate's account." In re Est. of Bishop, 53 Haw. 604, 605, 499 P.2d 670, 671 (1972). We therefore review the probate court's Approval Order for abuse of discretion. Aickin v. Ocean View Invs. Co., 84 Hawaiʻi 447, 453, 935 P.2d 992, 998 (1997) ("The relief granted by a court in equity is discretionary and will not be overturned on review unless the circuit court abused its discretion by issuing a decision that clearly exceeds the bounds

---

[7]    Herbert and Patricia, citing In re Elaine Emma Short Revocable Living Trust Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 466, 465 P.3d 903, 913 (2020), also contend that the Approval Order cannot be affirmed because the probate court did not make findings of fact. In re Elaine Emma Short precludes the appellate court from conducting its own evidentiary analysis when the probate court has failed to issue the requisite findings to enable meaningful appellate review. Id. at 465, 465 P.3d at 912. We determine that the record in this case is sufficient to enable a meaningful appellate review without the need to conduct an evidentiary analysis.

of reason or disregarded rules or principles of law or practice to the substantial detriment of the appellant.") (cleaned up).

Herbert and Patricia elected to present their evidence of Amano's alleged malfeasance and breach of trust in support of their Surcharge Petition, which was filed the day before the hearing on the Approval Petition. They cite no case law supporting their argument that the probate court needed to concomitantly address these separately filed petitions, and they do not demonstrate that they were prejudiced by the separate resolutions of the two petitions. Indeed, as the probate court explained, "it [was] not necessary to wait for the outcome of the pending Surcharge Petition(s)" because "[i]f the [probate court] subsequently determine[d] that it [was] appropriate to surcharge [Amano] for actions taken as Successor Trustee, [Amano] may be ordered to return any improper compensation back to the Trust."

On this record, we conclude that the probate court did not abuse its discretion in granting the Approval Petition, and in deferring the issues and arguments raised in the Surcharge Petition to be addressed separately.

(2) Herbert and Patricia contend that the probate court erred "when it approved [Amano's] entire compensation," and by declining to reduce Amano's trustee compensation to the

statutory limit set forth in HRS § 607-18.[8] (Formatting altered.) Here, it is undisputed that the beneficiaries stipulated to Amano's rate of $750/hour in trustee compensation. A trust instrument governs a trustee's compensation. See HRS § 607-18(b) (2016) (instructing that "[b]anks, trust companies, and individuals who in the ordinary course of business serve as fiduciaries shall, when serving as trustees, be entitled to reasonable compensation, which may be set forth in their published fee schedules").

Herbert and Patricia contend that they only agreed to this rate in reliance on Amano's "misstatements" and "factually incorrect representations," and that this agreed-upon rate should therefore not be applied. They cite Restatement (Third) of Trusts § 38 cmt. f (A.L.I. 2003), which provides that an agreement on compensation is not binding if "the trustee failed to disclose all the relevant circumstances that the trustee knew or should have known, or if the agreement is unfair to the beneficiary." They do not, however, identify any evidence filed in opposition to the Approval Petition demonstrating that they only agreed to Amano's $750/hour rate because of Amano's "misstatements" and "factually incorrect representations." We

---

[8] HRS § 607-18 sets forth a statutory rate of compensation that a trustee is entitled to, except where "the trust instrument otherwise provides, or the settlor and trustee otherwise agree." HRS § 607-18 (a), (c) (2016).

therefore conclude that the probate court did not err by not applying the above-cited Restatement provision.

Moreover, Herbert and Patricia cite no legal authority supporting their contention that the probate court was required to reduce Amano's agreed-upon compensation because it was disproportionate to the statutory fee schedule set forth in HRS § 607-18, to the Ranch's revenues and profits, and to trustee compensation awarded for work done with regard to other comparable trusts.

The determination of whether Amano's requested fees should be reduced is a matter within the probate court's equitable discretion. We conclude that the probate court did not abuse its discretion here.

(3) Herbert and Patricia contend that the probate court erred in approving Amano's compensation for time she spent "defending against arbitrations [Amano] lost and unsuccessfully trying to avoid arbitration and overturn arbitration awards." They primarily rely upon cases that address reimbursement for attorneys' fees and costs -- not trustee compensation -- and that are therefore distinguishable.

Herbert and Patricia also rely on In re Estate of Ena, 24 Haw. 414, 417 (Haw. Terr. 1918). In instructing that trustee compensation must be limited to work done "for the sole benefit of the estate," In re Estate of Ena clarifies that "[t]here must

11

be no ground for just suspicion that the fiduciary in rendering the services was actuated by motives of personal gain rather than of a proper regard for the interests of the estate." Id. Herbert and Patricia identify no evidence presented in opposition to the Approval Petition establishing that Amano was motivated by personal gain.

On this record, we conclude that the probate court did not abuse its discretion in awarding compensation for time Amano spent defending against arbitrations.

(4) Herbert and Patricia contend that the probate court erred in approving Amano's $267,958.82 compensation for non-trustee work. They contend that the ranch management work should have been delegated, the real estate and legal work was duplicative of work already performed by professionals, and the remaining work was unnecessary, unreasonable, and not for the sole benefit of the Trust.

Amano had discretion as trustee to, inter alia, "continue the business or other enterprise and take any action that may be taken by shareholders," and "construct, or make ordinary or extraordinary repairs to, alterations to, or improvements in, buildings or other structures." HRS § 554D-816(6), (8) (Supp. 2021). A court will not interfere unless the trustee, in exercising this discretion, "acts dishonestly, or with an improper even though not a dishonest motive, or fails to

use his judgment, or acts beyond the bonds of a reasonable judgment." Dowsett v. Hawaiian Tr. Co., 47 Haw. 577, 581, 393 P.2d 89, 93 (1964) (citation omitted).

Herbert and Patricia identify no evidence presented in opposition to the Approval Petition establishing that Amano acted "dishonestly," with an "improper motive," or beyond the bounds of reason in carrying out her duties as trustee. We therefore conclude that the probate court did not abuse its discretion in approving Amano's $267,958.82 in compensation for non-trustee work.

(5) Herbert and Patricia contend that the probate court erred in granting Amano "attorneys' fees for participating in the arbitrations."

HRS § 554D-709(a)(1) (Supp. 2021), which governs reimbursement of a trustee's expenses, provides that,

> (a) A trustee or designated trustee who acts in good faith is entitled to reimbursement out of the trust property, with interest as appropriate, for:
>
> (1) Expenses that were properly incurred in the administration of the trust, **including the defense or prosecution of any action, whether successful or not**, unless the trustee is determined to have wilfully or wantonly committed a material breach of trust[.]

(Emphasis added.)

By its plain language, "the defense or prosecution of **any** action" includes arbitrations that Amano, as Successor Trustee, was a party to. (Emphasis added.) Herbert and

13

Patricia identify no evidence presented in opposition to the Approval Petition demonstrating that Amano had "wilfully or wantonly committed a material breach of trust." We therefore conclude that the probate court did not abuse its discretion in awarding Amano attorneys' fees.

(6) Herbert and Patricia contend that the probate court erred in granting Amano attorneys' fees and costs for work that was "unreasonable." As with point of error (5), the record reflects that Amano's fees and costs were "incurred in the administration of the trust," and Herbert and Patricia point to no evidence presented in opposition to the Approval Petition establishing that Amano "wilfully or wantonly committed a material breach of trust" in carrying out her trust duties. We conclude that the probate court did not abuse its discretion.

(7) Herbert and Patricia contend that the probate court erred by denying reconsideration of the Approval Order. We review the probate court's ruling on a motion for reconsideration for abuse of discretion. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

Herbert and Patricia contend that reconsideration of the Approval Order was warranted because the Arbitration Award confirmed in case no. 1CSP-23-0000978 is "newly discovered evidence" that "fundamentally changed the landscape" regarding Amano's compensation and attorneys' fees.

14

HPR Rule 36(b) provides, in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**  Upon petition and upon such terms as are just, the court may relieve an interested person from an order or judgment for the following reasons:
>
> . . . .
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time before the order was issued;
>
> . . . .
>
> (6) any other reason justifying relief from the operation of the order.

Herbert and Patricia cite no legal authority to support their contention that the arbitrator's findings, which were confirmed in the separate circuit court proceeding, constituted "newly discovered evidence" or "any other reason justifying relief" pursuant to HPR Rule 36(b)(2) or (6).[9]

"[T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Chen v. Mah, 146 Hawaiʻi 157, 172, 457 P.3d 796, 811 (2020) (citation omitted).  Here, Herbert and Patricia do not identify a specific error in the Approval Order; rather, they seek to reopen and relitigate the Approval Petition based on a judgment entered in a separate judicial proceeding.  A motion

---

[9]     In denying reconsideration of the Approval Order, the probate court explained that its ruling was "without prejudice to any other remedy, including and especially obviously the enforcement of the arbitration award itself."

for reconsideration "is not a device to relitigate old matters." Id. (citation omitted).

We conclude that the probate court did not abuse its discretion in denying Herbert and Patricia's motion for reconsideration.

## II. CAAP-24-0000075

(1) Amano contends that the Arbitration Award was a non-final decision, and that the circuit court therefore lacked subject matter jurisdiction to enter the Arbitration Order. "Whether a circuit court possesses subject matter jurisdiction over a dispute relating to arbitration, including the threshold issue of arbitrability, is a question of law reviewable de novo." Mathewson v. Aloha Airlines, Inc., 82 Hawaiʻi 57, 69, 919 P.2d 969, 981 (1996) (cleaned up).

An arbitration award is subject to confirmation by the circuit court as a final award under HRS Chapter 658A if it is "intended by the arbitrator to be a complete determination of every issue submitted." United Pub. Workers, AFSCME, Local 646 v. City & Cnty. of Honolulu, 124 Hawaiʻi 367, 371, 244 P.3d 604, 608 (App. 2010) (citation omitted). The record reflects that the arbitrator resolved all issues submitted to arbitration, and Amano does not contend otherwise. Amano therefore fails to demonstrate that the circuit court lacked jurisdiction to enter the Arbitration Order confirming the Arbitration Award.

16

(2) Amano contends that the circuit court erred by enforcing an arbitration agreement that "violate[d] public policy" by allowing piecemeal arbitrations. The record reflects that Amano did not raise this argument in the circuit court proceeding. The argument was therefore waived.[10] See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal." (citations omitted)).

(3) Amano contends that the Arbitration Award "decided issues [the probate court] had already decided," and the circuit court therefore erred by not vacating and remanding the matter to the arbitrator "for clarification."

"Judicial review of an arbitration award is confined to the strictest possible limits, and a court may only vacate an award on the grounds specified in HRS § 658A-23 [(2016)] and modify or correct on the grounds specified in HRS § 658A-24[ (2016)]." State of Haw. Org. of Police Officers, 135 Hawaiʻi at 461, 353 P.3d at 1003 (cleaned up). "This standard applies to

---

[10] Amano identifies no controlling authority that a public policy objection to an arbitration award may be raised for the first time on appeal, and, even assuming she preserved the issue, she challenges the arbitration agreement, not the award itself. Cf. State of Haw. Org. of Police Officers (SHOPO) v. County of Kauaʻi, 135 Hawaiʻi 456, 465, 353 P.3d 998, 1007 (2015) (allowing parties to challenge arbitration awards that contravene public policy).

both the circuit court and the appellate courts." Id. (citations omitted).

Here, Amano did not move to vacate the Arbitration Award. Amano instead asked the circuit court to: (1) deny the motion to confirm, pending instructions from the probate court; or (2) remand the matter to the arbitrator for clarification because the award was ambiguous. Amano has therefore waived any argument, made for the first time on appeal, that the Arbitration Award should be vacated.

We next turn to Amano's contention that the Arbitration Award should be remanded to the arbitrator for clarification. It is undisputed that the probate court, in entering the Approval Order, denied Herbert and Patricia's request to reduce Amano's trustee compensation. The probate court, addressing the allegations presented in Herbert and Patricia's Surcharge Petition, explained that if "the [probate court] subsequently determine[d] that it is appropriate to surcharge [Amano] for actions taken as Successor Trustee, [Amano] may be ordered to return any improper compensation back to the Trust." The record thus reflects that there was no double compensation, and the arbitrator did not redecide claims that the probate court already decided.

The record further reflects that Amano did not ask the circuit court to modify or correct the Arbitration Award.[11] Thus, any argument that the circuit court failed to comply with HRS § 658A-24(a)(1) or (2) is waived.  See Ass'n of Apartment Owners of Wailea Elua, 100 Hawaiʻi at 107, 58 P.3d at 618.

For the foregoing reasons, we affirm the Approval Order, Approval Judgment, and Order Denying Reconsideration entered by the probate court in case no. 1TR141000145, and the Arbitration Order and Arbitration Judgment entered by the circuit court in case no. 1CSP-23-0000978.[12]

DATED: Honolulu, Hawaiʻi, February 18, 2026.

| On the briefs: | /s/ Karen T. Nakasone |
| | Chief Judge |
| Nickolas A. Kacprowski, | |
| Wendy F. Hanakahi, | /s/ Sonja M.P. McCullen |
| for Petitioner/Respondent/ | Associate Judge |
| Claimant-Appellant/Appellee | |
| and Respondent/Petitioner/ | /s/ Kimberly T. Guidry |
| Claimant-Appellant/Appellee. | Associate Judge |
| | |
| Richard P. Sybert, | |
| for Successor Trustee/ | |
| Petitioner/Respondent- | |
| Appellee/Appellant. | |

---

[11]     HRS § 658A-24(a)(1) and (2) (2016) provides, in relevant part, that a circuit court shall modify or correct an arbitration award if there "was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award" or if the "arbitrator has made an award on a claim not submitted to the arbitrator."

[12]     It is further ordered that Patricia and Herbert's February 3, 2026 "Motion to Dismiss Point of Error 2 in CAAP-24-0000075" is dismissed as moot.